OPINION
{¶ 1} Defendant appellant John Gordon Henry, Jr. appeals the maximum and consecutive sentence imposed by the Delaware County Court of Common Pleas. The appellee is the State of Ohio. The following facts give rise to this appeal.
 {¶ 2} On May 9, 2003, appellant was indicted by the Delaware County Grand Jury for one count of aggravated robbery, a felony of the first degree, in violation of R.C. 2911.01(A) and one count of theft, a misdemeanor of the first degree, in violation of R.C. 2913.02 (A).
 {¶ 3} On February 24, 2004, appellant executed a written plea agreement to one count of robbery, a felony of the third degree, in violation of R.C. 2911.01 (A) (3). The appellee dismissed count two of the indictment after amending count one. At the change of plea hearing, the trial court delayed sentencing and ordered a pre-sentence investigation report.
 {¶ 4} On May 28, 2004, the trial court conducted a sentencing hearing and sentenced appellant to the maximum term of five years incarceration for the third degree felony. The court further ordered the sentence to be served consecutively to a sentence imposed and which appellant was serving from the Franklin County Ohio Court of Common Pleas.
 {¶ 5} Appellant timely filed a notice of appeal and set forth the following three assignments of error:
 {¶ 6} "I. The trial court eerred by sentencing Mr. Henry to a non-minimum prison term based on facts not found by the jury or admitted by Mr. Henry.
 {¶ 7} "II. The trial court erred by sentencing the appellant to the maximum prison term.
 {¶ 8} "III. The trial court erred by running Mr. Henry's sentence consecutive to the sentence imposed by the court in Franklin County."
 I. {¶ 9} In his first assignment of error, appellant argues that a trial court cannot sentence an individual to a prison term for a third degree felony because the facts necessary to support imposition of a prison term must be presented to the jury. We disagree.
 {¶ 10} Appellant argues that his sentence is contrary to the dictates of two recent decisions from the United States Supreme Court, to wit: Apprendi v. New Jersey (2000), 530 U.S. 466,120 S.Ct. 2348 and Blakely v. Washington (June 24, 2004),124 S.Ct. 2531, 159 L.Ed.2d 403; 72 U.S.L.W. 4546.
 {¶ 11} Apprendi and Blakely stand for the proposition that any fact extending the defendant's sentence beyond the maximum authorized by the jury's verdict would have been considered an element of an aggravated crime — and thus the domain of the jury-by those who framed the Bill of Rights. If the sentence is increased beyond the maximum range allowed for the offense, then the facts to support that increase must be presented to the jury under a beyond a reasonable doubt standard, regardless of whether the State labels such a fact as a "sentencing factor" or an "element" See, e.g. Harris v. U.S.
(2002), 536 U.S. 545.
 {¶ 12} Apprendi and Blakely do not obviate entirely judicial discretion in sentencing a criminal defendant. Rather, the trial courts maintain discretion to select a sentence within the range prescribed by the legislature. Once a defendant pleads guilty, or is found guilty of an offense by a jury "Apprendi
says that the defendant has been convicted of the crime; the Fifth and Sixth Amendments have been observed; and the Government has been authorized to impose any sentence below the maximum. That is why, as Apprendi noted, `nothing in this history suggests that it is impermissible for judges to exercise discretion — taking into consideration various factors relating both to offense and offender — in imposing a judgment within the range'" Id., at 481, 120 S.Ct. 2348. That is also why, asMcMillan noted, nothing in this history suggests that it is impermissible for judges to find facts that give rise to a mandatory minimum sentence below `the maximum penalty for the crime committed.' 477 U.S., at 87-88, 106 S.Ct. 2411. In both instances the judicial fact-finding does not `expose a defendant to a punishment greater than that otherwise legally prescribed.'Apprendi, supra, at 483, n. 10, 120 S.Ct. 2348. Whether chosen by the judge or the legislature, the facts guiding judicial discretion below the statutory maximum need not be alleged in the indictment, submitted to the jury, or proved beyond a reasonable doubt. When a judge sentences the defendant to a mandatory minimum, no less than when the judge chooses a sentence within the range, the grand and petit juries already have found all the facts necessary to authorize the Government to impose the sentence. The judge may impose the minimum, the maximum, or any other sentence within the range without seeking further authorization from those juries — and without contradictingApprendi." Harris v. United States (2002), 536 U.S. 545, 564,122 S.Ct. 2406, 2418.
 {¶ 13} The appellant has not identified with any specificity which facts he claims must be submitted to the jury before the court is authorized to impose a prison sentence for a fourth degree felony conviction.
 {¶ 14} The sentencing guidelines in R.C. 2929.12(C) do not provide a preference of either a prison sentence or community control for third degree felonies. A defendant has no appeal as of right merely because a prison term is imposed for a third degree felony under R.C. 2929.13(C). R.C. 2953.08(A).
 {¶ 15} To decide whether to impose a prison sentence for a third degree felony, R.C. 2929.13(C) directs a trial court to comply with the purposes and principles of sentencing under R.C.2929.11 and the seriousness and recidivism factors defined in R.C. 2929.12. As appellant had previously served a prison term, the R.C. 2929.14 (B) suggestion of the appropriateness of the shortest authorized prison term does not apply to this case.
 {¶ 16} R.C. 2929.11 delineates the overriding purposes of felony sentencing. Those purposes are to protect the public from future crime and to punish the offender. R.C. 2929.11(A).
 {¶ 17} R.C. 2929.12 enumerates "seriousness" and "recidivism" factors, which examine the "seriousness of the offender's conduct and its impact upon the victim" and the necessity of "protect[ing] the public from future crime" by the offender.
 {¶ 18} R.C. 2929.12(B) is directed at the "seriousness" determination, setting forth factors which might indicate that the offender's conduct is "more serious than conduct normally constituting the offense." In toto, these factors are:
 {¶ 19} "(1) The physical or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the physical or mental condition or age of the victim.
 {¶ 20} "(2) The victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense.
 {¶ 21} "(3) The offender held a public office or position of trust in the community, and the offense related to that office or position.
 {¶ 22} "(4) The offender's occupation, elected office, or profession obliged the offender to prevent the offense or bring others committing it to justice.
 {¶ 23} "(5) The offender's professional reputation or occupation, elected office, or profession was used to facilitate the offense or is likely to influence the future conduct of others.
 {¶ 24} "(6) The offender's relationship with the victim facilitated the offense.
 {¶ 25} "(7) The offender committed the offense for hire or as part of an organized criminal activity.
 {¶ 26} "(8) In committing the offense, the offender was motivated by prejudice based on race, ethnic background, gender, sexual orientation, or religion.
 {¶ 27} "(9) If the offense is a violation of * * * [several enumerated statutes including, inter alia, domestic violence] involving a person who was a family or household member at the time of the violation, the offender committed the offense in the vicinity of one or more children who are not victims of the offense, and the offender or the victim of the offense is a parent * * * of one or more of those children."
 {¶ 28} Section (D), again in toto, sets forth recidivism factors indicative of those offenders "who pose the greatest likelihood of committing future crimes," as follows:
 {¶ 29} "(1) At the time of committing the offense, the offender was under release from confinement before trial or sentencing * * * or under post-release control * * * for an earlier offense.
 {¶ 30} "(2) The offender previously was adjudicated a delinquent child * * * or the offender has a history of criminal convictions.
 {¶ 31} "(3) The offender has not been rehabilitated to a satisfactory degree after previously being adjudicated a delinquent child * * * or the offender has not responded favorably to sanctions previously imposed for criminal convictions.
 {¶ 32} "(4) The offender has demonstrated a pattern of drug or alcohol abuse that is related to the offense, and the offender refuses to acknowledge that the offender has demonstrated that pattern, or the offender refuses treatment for the drug or alcohol abuse.
 {¶ 33} "(5) The offender shows no genuine remorse for the offense."
 {¶ 34} In addition to those factors specifically enumerated above, trial courts have discretion to consider "* * * any other factors that are relevant to achieving those purposes and principles of sentencing set forth in * * * [R.C.] 2929.11 * * *." R.C. 2929.12(A).
 {¶ 35} In the case at bar, the court based its decision to impose a prison sentence in appellant's case in part on the pre-sentence investigation report prepared by the probation department. (T. at 2-3).
 {¶ 36} In Williams v. New York (1949), 337 U.S. 241,69 S.Ct. 1079, the Court noted: "[b]ut both before and since the American colonies became a nation, courts in this country and in England practiced a policy under which a sentencing judge could exercise a wide discretion in the sources and types of evidence used to assist him in determining the kind the extent of punishment to be imposed within limits fixed by law." Id. at 246,69 S.Ct. 1082. (Footnote omitted). The court further noted: "[p]robation workers making reports of their investigations have not been trained to prosecute but to aid offenders. Their reports have been given a high value by conscientious judges who want to sentence persons on the best available information rather than on guesswork and inadequate information. To deprive sentencing judges of this kind of information would undermine modern penological procedural policies that have been cautiously adopted throughout the nation after careful consideration and experimentation. We must recognize that most of the information now relied upon by judges to guide them in the intelligent imposition of sentences would be unavailable if information were restricted to that given in open court by witnesses subject to cross-examination. And the modern probation report draws on information concerning every aspect of a defendant's life." Id. at 249-50, 69 S.Ct. 1085. (Footnotes omitted).
 {¶ 37} Neither Apprendi nor Blakely have changed this result. "If the grand jury has alleged, and the trial jury has found, all the facts necessary to impose the maximum, the barriers between government and defendant fall. The judge may select any sentence within the range, based on facts not alleged in the indictment or proved to the jury — even if those facts are specified by the legislature, and even if they persuade the judge to choose a much higher sentence than he or she otherwise would have imposed. That a fact affects the defendant's sentence, even dramatically so, does not by itself make it an element." Harrisv. United States, supra, 536 U.S. at 566, 122 S.Ct. at 2416.
 {¶ 38} The trial courts remain free to use their discretion, and to consider facts not presented to the jury in deciding the appropriate punishment from within the range prescribed by statute. "Judges, in turn, have always considered uncharged `aggravating circumstances' that, while increasing the defendant's punishment, have not `swell[ed] the penalty above what the law has provided for the acts charged.' Harris v.United States, supra, 536 U.S. at 562, 122 S.Ct. at 2416.
 {¶ 39} A trial judge retains discretion to choose a punishment and may base his or her decision upon facts related to the commission of the crime and/or the circumstances of the offender. "Sentencing courts necessarily consider the circumstances of an offense in selecting the appropriate punishment, and we have consistently approved sentencing schemes that mandate consideration of facts related to the crime . . . without suggesting that those facts must be proved beyond a reasonable doubt." McMillan v. Pennsylvania (1986),477 U.S. 79, 93, 106 S.Ct. 2411, 2419. (Citations omitted).
 {¶ 40} None of the factors set forth in 2929.11 or 2929.12 subject an offender to a prison term in excess of what the law provides as the maximum sentence for a felony of the third degree. The Legislature has simply codified factors that sentences courts have always considered when deciding to sentence a defendant within the range permitted by statute. The fact that the legislature has chosen certain of the traditional sentencing factors and dictated the precise weight to be given those factors does not evade the requirements of the Fifth and Sixth Amendments. Harris v. United States, supra, 536 U.S. at 568,122 S.Ct. at 2420. (Citing McMillan v. Pennsylvania (1986),477 U.S. 79, 106 S.Ct. 2411).
 {¶ 41} The appellant in the case at bar did not receive a sentence in excess of the maximum sentence for a third degree felony. Accordingly, a jury is not required to find the factors set forth in R.C. 2929.11 or R.C. 2929.12 before a judge may impose a prison sentence for the conviction of a third degree felony.
 {¶ 42} Appellant's first assignment of error is overruled.
 II. {¶ 43} In his second assignment of error, appellant maintains that the trial court failed to justify the imposition of the maximum sentence. We disagree.
 {¶ 44} R.C. 2929.14 (C) provides a trial court may only impose a maximum prison term for offenders who have committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, on certain major drug offenders, and upon certain repeat violent offenders. This court has interpreted the statute to be in the disjunctive, see Statev. Lint (Nov. 10, 2003), 5th Dist. No. 2003-CA-00159, State v.Comersfords (June 3, 1999), Delaware Appellate No. 98CA01004. Thus, the trial court may impose the maximum sentence if it finds any one of the listed offender categories applies.
 {¶ 45} Appellant urges the trial court did not make the necessary findings or state its reasons.
 {¶ 46} At the sentencing hearing the trial court stated that it was imposing the maximum sentence of five years because appellant posed the greatest likelihood of recidivism. (T. at 10; 12). The trial court additionally found that "it's the worse type of offense, i.e. threatening a fellow citizen with a weapon". (Id. at 7; 13). Under R.C. 2929.14(C), the trial court must find that a defendant, other than a repeat violent or major drug offender, either committed the worst form of the offense or posed the greatest likelihood of committing future crime.
 {¶ 47} The trial court noted that appellant had previously served several prison sentences, and had been violated on parole or probation on more than one previous occasion. (Id. at 7-9). The trial court further found, and the appellant admitted to the court, that he had recently plead guilty to five felonies of the first degree in Franklin County and was serving a ten year prison sentence for those crimes at the time of sentencing for the case at bar. (Id. at 6-7).
 {¶ 48} The trial court satisfied the requirements of R.C.2929.14 (C) and the record supports its finding by clear and convincing evidence in this case.
 {¶ 49} Appellant's second assignment of error is overruled.
 III. {¶ 50} In his third assignment of error, appellant alleges that the trial court erred when it sentenced appellant to serve the sentence in the case at bar consecutive to a sentence imposed by a court in Franklin County, Ohio. Appellant contends that the trial court failed to make all of the findings to impose consecutive sentences and that the findings made by the trial court were not supported by the record.
 {¶ 51} The statutory scheme assumes that sentences imposed in separate cases will be concurrent unless the court determines consecutive sentences should be imposed under R.C. 2929.14(E).State v. Givens, Franklin App. No. 80319, 2002-Ohio-4904.
 {¶ 52} In order to impose consecutive sentences, a trial court must comply with R.C. 2929.14(E) (4) and R.C. 2929.19(B) (2) (c). R.C. 2929.14(E)(4) states as follows: "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive sentence is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 53} "(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to Section2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 54} "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 55} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 56} R.C. 2929.14(E)(4) requires the court to make three findings in order to sentence an offender to consecutive sentences: (1) consecutive sentences are "necessary to protect the public from future crime or to punish the offender, * * * [(2)] consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, * * * [and (3)] [t]he offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 57} "Consecutive sentences are reserved for the worst offenses and offenders." Comer, 99 Ohio St.3d 463, at ¶ 21 (citation omitted). Thus, in imposing consecutive sentences, the trial court must support its decision with specific findings as to all three requirements of R.C. 2929.14(E) (4). Id.
 {¶ 58} The trial court specifically found that each requirement of R.C. 2929.14(E) (4) was present. In support of its findings, the trial court stated at the sentencing hearing that its decision was based on appellant's criminal past and lack of rehabilitation, the numerous felonies involved in the Franklin County cases, his likelihood of recidivism, and his lack of remorse. These factors clearly support the trial court's conclusion that consecutive prison terms are necessary to protect the public and punish the offender. They further support the trial court's conclusion that consecutive sentences, in this case, are not disproportionate to the criminal conduct involved here and appellant's' subsequent danger to the public. Moreover, these findings substantiate the trial court's determination that appellant's criminal history necessitates consecutive sentences to protect the public from future crimes.
 {¶ 59} Thus, we find that the trial court provided sufficient findings as to all three elements required to impose consecutive sentences.
 {¶ 60} Appellant's third assignment of error is overruled.
 {¶ 61} For the foregoing reasons, the judgment of the Court of Common Pleas of Delaware County, Ohio, is hereby affirmed.
Gwin, P.J., Farmer, J., and Wise, J., concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Delaware County, Ohio, is hereby affirmed. Costs to appellant.