DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Wood County Court of Common Pleas that found appellant guilty of one count of trafficking in cocaine in violation of R.C. 2925.11(A) and (C)(4)(c), and sentenced him to three years imprisonment. For the reasons that follow, the judgment of the trial court is affirmed.
 {¶ 2} Appellant sets forth the following assignments of error:
 {¶ 3} "First Assignment of Error
 {¶ 4} "The record was insufficient to support the imposition of a term of incarceration above the minimum term of one year.
 {¶ 5} "Second Assignment of Error
 {¶ 6} "The sentence was contrary to law."
 {¶ 7} The facts that are relevant to the issues raised on appeal are as follows. On January 3, 2003, appellant was stopped while driving on U.S. 23 in Wood County, Ohio, and cited for a license plate light violation. After observing open containers of alcohol in the vehicle, the officer obtained appellant's consent to search appellant and the vehicle. Police found 28 grams of cocaine on appellant's person and 225 grams of cocaine in the trunk. Appellant was initially charged with a violation of R.C. 2925.11(A) and (C)(4)(d), a second-degree felony, but on January 17, 2004, he entered a guilty plea to R.C. 2925.11(A) and (C)(4)(c), a third-degree felony. On March 22, 2004, the trial court sentenced appellant to three years imprisonment. It is from that judgment that appellant appeals.
 {¶ 8} In his first assignment of error, appellant asserts that, under the facts of his case, the trial court was required to impose the shortest prison term authorized for the offense, which in his case would be one year. Appellant asserts that the record was insufficient to support the trial court's finding that the shortest prison term "would demean the seriousness of the offense and would not adequately protect the public, nor deter future criminal activity."
 {¶ 9} For a third-degree felony, the trial court may impose a prison term of one, two, three, four or five years. R.C. 2929.14(A)(3). Pursuant to R.C. 2929.14(B), the trial court must impose the shortest prison term authorized for an offense unless the court finds on the record that the offender was serving a prison term at the time of the offense, or the offender previously had served a prison term, or finds that the shortest prison term would demean the seriousness of the offender's conduct or would not adequately protect the public from future crime by the offender or others.
 {¶ 10} The Supreme Court of Ohio has held that, "pursuant to R.C.2929.14(B), when imposing a nonminimum sentence on a first offender, a trial court is required to make its statutorily sanctioned findings on the record at the sentencing hearing." State v. Comer, 99 Ohio St.3d 463,469, 2003 Ohio 4165, at ¶ 26. However, the trial court is not required to give specific reasons for its finding pursuant to R.C. 2929.14(B)(2) . Id., citing State v. Edmonson (1999), 86 Ohio St. 3d 324, 1999 Ohio 110, syllabus.
 {¶ 11} In this case, at the March 22, 2004 sentencing hearing, the trial court stated that it had considered the factors in this case, including the presentence investigation. The trial court further noted that the offense was committed as part of an organized criminal activity and that the drugs found in appellant's pocket were packaged for distribution rather than for his personal use. The trial court stated that it gave little credence to appellant's explanation of the offense and his claim that he did not know about the amount of drugs in his vehicle. The court also expressed concern that appellant tested positive for drugs at the time of his presentence investigation and that he was unemployed. The foregoing satisfies the requirements of R.C. 2929.14(B) for imposition of a sentence greater than the minimum and, accordingly, appellant's first assignment of error is not well-taken.
 {¶ 12} In his second assignment of error, appellant asserts that his sentence is contrary to law under the authority of the United States Supreme Court's decision in Blakely v. Washington (2004), ___ U.S. ___,124 S.Ct. 2531, and under the decision of the Supreme Court of Ohio inLayne v. Ohio Adult Parole Authority (2002), 97 Ohio St.3d 456.
 {¶ 13} In Blakely, the defendant pleaded guilty to kidnapping involving the use of a firearm, a class B felony in the state of Washington. While the statutory maximum for a class B felony was ten years in that state, other provisions of Washington law limited the range of sentences a judge could impose. Consequently, the "standard" statutory range for the offense to which the defendant pleaded guilty was 49 to 53 months. Washington law allowed the court to enlarge the "standard" sentence, however, if it found any of a nonexhaustive list of aggravating factors justifying the departure. Accordingly, the trial court inBlakely determined that the defendant had acted with "deliberate cruelty" and imposed a sentence of 90 months, a 37-month upward departure from the "standard." The state court of appeals affirmed, (2002),111 Wn. App. 851, 47 P.3d 149. The Washington Supreme Court denied discretionary review, 148 Wn. 2d 1010, 62 P.3d 889 (2003). The Supreme Court of the United States granted certiorari. 540 U.S. 965, 157 L.Ed. 2d 309,124 S.Ct. 429 (2003).
 {¶ 14} Ultimately, the United States Supreme Court reversed the judgment of the appeals court and found that the facts supporting the enlarged sentence for having acted with deliberate cruelty were neither admitted by the defendant nor found by a jury and therefore violated the defendant's Sixth Amendment right to trial by jury. The court reversed Blakely's sentence, holding that any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be admitted by the defendant or submitted to a jury and proved beyond a reasonable doubt.
 {¶ 15} Appellant herein cites Blakely in support of his claim that the "statutory maximum" for a third-degree felony under his circumstances is one year, because he had not previously served a prison term or been convicted of a criminal offense. One year is the sentence the trial court would have had to impose if it did not find the existence of any of the factors set forth in R.C. 2929.14(B). Appellant urges this court to follow the directive of Blakely and find that his right to trial by jury was violated by the trial court's determining that the offense was committed as part of an organized criminal activity and then sentencing him to three years imprisonment.
 {¶ 16} Under Ohio's "hybrid" approach to sentencing, the sentencing code presents a range of sentences within each felony level from which the trial court chooses a specific term. This scheme is "indeterminate" in that there is a broad range for each level of offense, but "determinate" in that the trial court is limited to imposing a definite prison term from within that range.
 {¶ 17} In the case before us, the trial court imposed a three-year sentence for a third-degree felony upon finding, pursuant to R.C.2929.12(B)(7), that appellant's conduct was more serious than conduct normally constituting the offense because it was committed as part of an organized criminal activity and upon finding, pursuant to R.C.2929.14(B)(2), that the shortest prison term would demean the seriousness of appellant's conduct and would not adequately protect the public. After making those findings, the trial court imposed a sentence that was within the statutory range of one to five years as specified by R.C. 2929.14 for a third-degree felony. In contrast, the trial court in Blakely exceeded the standard statutory range of 49 to 53 months for a "class B felony" by 37 months when it found that appellant had committed the offense with deliberate cruelty and "enlarged" the defendant's sentence to a term of 90 months.
 {¶ 18} Upon careful consideration of Ohio's statutory sentencing scheme, this court finds that Washington's sentencing laws and the surrounding circumstances at issue in Blakely are distinguishable from those in the present case The Blakely protections of a defendant's right to trial by jury are not implicated under Ohio's sentencing scheme. Our analysis leads us to conclude that Blakely applies only when the maximum sentence in the available range for an offense has been exceeded which, under Ohio law, simply does not occur. The determinate sentencing scheme in Washington is unlike Ohio sentencing provisions. The Washington statutes set ceilings on sentencing based on a defendant's proven conduct, while Ohio law directs judicial discretion within an indeterminate sentencing scheme, permitting a judge to exercise discretion within that range. See State v. Berry, 12th Dist. No. CA 2003-02-053, 2004-Ohio-6027. In Blakely, the trial court found an additional factor which it used to enhance the defendant's sentencebeyond the prescribed range to a term of 90 months. In the present case, the trial court sentenced appellant within the statutory range for a third-degree felony.
 {¶ 19} We note that in the relatively short time since Blakely was handed down, numerous Ohio appellate courts have found it inapplicable to indeterminate sentencing schemes such as those in this state. See Statev. Jenkins, 9th Dist. No. 22008, 2005-Ohio-11; State v. Berry, supra;State v. Rowles, 9th District No. 22007, 2005-Ohio-14. In Rowles, the Ninth District concluded that Blakely does not bar an Ohio trial court judge from exercising traditional sentencing discretion which allows him to consider the facts of the underlying offense in making the determinations required under R.C. 2929.14(B). Further, this court does not stand alone in Ohio in specifically rejecting Blakely challenges to "greater than the minimum" sentences. See State v. Eckstein, 1st Dist. No. C-030139, 2004-Ohio-5059; State v. Perry, 8th Dist. No. 84397,2005-Ohio-27. Ohio courts also have rejected Blakely challenges to consecutive sentences (see State v. Monford, 1st Dist. No. C-030606,2004-Ohio-5616; State v. Henry, 5th Dist. No. 2004-CAA-06-047,2004-Ohio-6711) and maximum sentences (see State v. Henry, supra; Statev. Murphy, 11th Dist. No. 2003-L-049, 2005-Ohio-412).[1]
 {¶ 20} Based on the foregoing, we find first that appellant's argument that a one-year sentence was the statutory maximum in his case is without merit and second, that the decision of the United States Supreme Court inBlakely is inapplicable to Ohio's sentencing scheme.
 {¶ 21} Appellant also argues that the trial court improperly sentenced him based on the more serious offense of trafficking in excess of 250 grams of cocaine rather than on the offense of trafficking in 10 to 100 grams of cocaine to which he pled guilty. The trial court's only reference at sentencing to the greater amount of drugs, however, was to state that it had difficulty believing appellant's claim that he did not know about the 225 grams of cocaine found in the trunk of his car. That statement is simply insufficient to support an argument that appellant's sentence was based on the original charge of trafficking in an amount of cocaine exceeding 100 grams but less than 500 grams. As to Layne v. OhioAdult Parole Authority, supra, upon which appellant also relies, the court in that case held that the Adult Parole Authority must assign an inmate an offense category score that corresponds to the offense or offenses of conviction. Layne has not been applied to sentencing hearings. This argument is also without merit.
 {¶ 22} Based on the foregoing, we find that appellant's sentence was not unlawful pursuant to Blakely, supra, or Layne, supra, and appellant's second assignment of error is not well-taken.
 {¶ 23} On consideration whereof, this court finds that appellant was not prejudiced and the judgment of the Wood County Court of Common Pleas is affirmed. Pursuant to App.R. 24, costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Pietrykowski, J., Singer, P.J. Resnick, J. Concur.
Judge Melvin L. Resnick, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.
[1] Discretionary appeals raising the issue of Blakely's application to Ohio sentencing law are pending before the Supreme Court of Ohio in Statev. Quinones, 8th Dist. No. 83720, 2004-Ohio-4485, and State v. Foster,
5th Dist. No. 03CA95, 2004 Ohio 4209.