DECISION AND JUDGMENT ENTRY
{¶ 1} This is an accelerated appeal from a judgment of conviction and sentence rendered in the Lucas County Court of Common Pleas. Appellant, Anthony W. Smith, appeals from a sentence of six years in prison imposed by the court for a felony of the first degree.
 {¶ 2} On June 11, 2004, appellant was arrested and charged with aggravated burglary and felonious assault. On June 28, 2004, he was indicted by a grand jury on these two felony counts. On November 1, 2004, as part of a plea agreement, appellant pled no contest to the charge of aggravated burglary in violation of R.C. 2911.11(A)(1), a felony in the first degree. The court accepted the plea and found appellant guilty. On December 7, 2004, the court imposed on appellant a sentence of six years in prison after finding that the minimum prison term would demean the seriousness of the appellant's conduct or would not adequately protect the public. Subsequently, appellant filed this appeal on January 4, 2005.
 {¶ 3} In a single assignment of error appellant maintains that the trial court violated his Sixth and Fourteenth Amendment rights by imposing a sentence greater than the statutory minimum because the trial court considered facts that were neither admitted by the appellant nor determined by a jury.
 {¶ 4} This court has ruled that Blakely v. Washington and its companion cases do not apply to Ohio's sentencing structure unless the prison term imposed exceeds the maximum sentence allowed by statute. Statev. Curlis, 6th Dist. No. WD-04-032, 2005 Ohio 1217 at ¶ 18; See, Blakelyv. Washington (2004) 542 U.S. 296. Pursuant to R.C. 2929.14(A)(2), the trial court may impose a sentence of three, four, five, six, seven, eight, nine, or ten years. The sentence of six years in prison imposed by the trial court does not exceed this statutory range. In addition, the court must impose the minimum term unless it finds that term would demean the seriousness of the conduct or not adequately protect the public. R.C. 2929.14(A)(2). Since the trial court found that a sentence of three years would demean the seriousness of the conduct or inadequately protect the public, the trial court imposed a proper sentence under the Ohio sentencing scheme.
 {¶ 5} Accordingly, appellant's sole assignment of error is found not well-taken.
 {¶ 6} The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal for which sum judgment is rendered against appellant on behalf of Lucas County and for which execution is awarded. See App.R. 24.
Judgment Affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Pietrykowski, J., Singer, P.J., Skow, J., concur.