DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, Brian King, brings this appeal as of right from the decision of the Wood County Court of Common Pleas to impose the maximum sentence upon him for a violation of his community control.
 {¶ 2} The record before us begins with appellant's conviction and sentence for domestic violence. Due to a prior domestic violence conviction, appellant was indicted for a violation of R.C. 2919.25(A), a felony of the fifth degree. Appellant entered a plea of guilty and was convicted on September 5, 2003. On October 6, 2003, the trial court held a sentencing hearing, at which appellant was sentenced to two years of community control sanctions. The terms of appellant's community control included, inter alia, successful completion of the SEARCH program at a community corrections center; abiding by all terms of the intensive supervision probation program; and completion of 200 hours of community service. Most relevantly, appellant was to refrain from consuming alcoholic beverages or frequenting "any establishment serving alcoholic beverages for the sole purpose of consuming alcoholic beverages * * *." The trial court verbally warned appellant that, if a violation of his community control was found, it would impose the maximum sentence of 12 months. The journal entry of sentencing states that a violation of any term of the community control sanctions would result in "a more restrictive sanction, a longer period of community control, or a prison term of up to twelve (12) months."
 {¶ 3} On November 5, 2004, the Wood County Prosecuting Attorney filed a petition for revocation of appellant's community control. The petition declared that appellant had violated the terms of his community control by consuming alcoholic beverages and frequenting an establishment serving alcoholic beverages for the sole purpose of consuming alcoholic beverages. The petition included a statement of appellant's community corrections supervisor and an officer of the Wood County Sheriff's Department. According to both statements, appellant admitted to an officer that he had been in a fight at a local bar and was intoxicated; appellant submitted to a breathalyzer test which registered a blood alcohol level of .100.
 {¶ 4} On November 16, 2004, an entry indicates that the matter was called for a hearing at which the state made an oral motion "for the court reporter to transcribe the sentencing hearing held in this case * * *." The trial court ordered the transcript from appellant's October 6, 2003 sentencing hearing, and continued the disposition until December 6, 2004.
 {¶ 5} At the second sentencing hearing, appellant stipulated that he was put on sufficient notice of a potential prison sentence upon a violation of his community control. Appellant asked the trial court to impose less than 12 months incarceration due to his successful completion of the SEARCH program. Appellee noted that appellant was warned at the prior sentencing hearing that the trial court was prepared to impose the maximum penalty upon a violation of his community control.
 {¶ 6} After hearing statements from both parties, the trial court stated in full:
 {¶ 7} "Mr. King, as has been pointed out, the court told you what it would do if you violated terms. I'm glad that you feel the [SEARCH] program was of some help to you. I hope that it continues to be. At this time the Court is going to impose on you a sentence of twelve months in the Ohio Department of Rehabilitation and Corrections and the costs of this matter. Because that is the maximum sentence, you would have some limited right to appeal that sentence; if you cannot afford an attorney, one can be appointed for you for that purpose. Thank you."
 {¶ 8} Appellant raises two assignments of error:
 {¶ 9} "I. The trial court erred when it sentenced Appellant to a maximum sentence without stating on the record the find[ings] required by statute [sic].
 {¶ 10} "II. Appellant's sentence violates the Sixth Amendment of the United States [Constitution] and the Ohio Constitution [sic]."
 {¶ 11} Appellee does not object to a remand for resentencing on the grounds that the trial court failed to state findings necessary to impose a maximum sentence as required by R.C. 2929.14 and R.C. 2929.15(B). "Following a community control violation, the trial court conducts a second sentencing hearing. At this second hearing, the court sentences the offender anew and must comply with the relevant sentencing statutes."State v. Fraley (2004), 105 Ohio St.3d 13, 18. See also State v. Baccus,
1st Dist. No. C-040028, 2005-Ohio-3704. Upon a review of the transcript, we agree that the trial court erred and find appellant's first assignment of error well taken.
 {¶ 12} In support of his second assignment of error, appellant states in his brief that "the trial court took facts into account that were not presented to a jury and proved by the state beyond a reasonable doubt." Appellant does not, however, point to any facts which were improperly considered. Appellee properly notes that this court, in addition to the majority of other Ohio appellate courts, have rejected assertions thatBlakely v. Washington (2004), 542 U.S. 296, 124 S. Ct. 2531, applies to Ohio's sentencing scheme. See State v. Curlis, 6th Dist. No. WD-04-032, 2005-Ohio-1217, certification granted by and cause reserved by State v.Curlis, 106 Ohio St.3d 1479, 2005-Ohio-3978; discretionary appeal allowed by, reserved by State v. Curlis, 106 Ohio St.3d 1482, 2005-Ohio-3978. Moreover, in addition to appellant's inability to point to a single fact improperly considered, the portion of the transcript quoted above belies appellant's argument. Thus, appellant's second assignment of error is not well taken.
 {¶ 13} For the foregoing reasons, this matter is reversed and remanded to the Wood County Court of Common Pleas for resentencing in accordance with this decision. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Wood County.
Judgment reversed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Pietrykowski, J., Skow, J., Parish, J., Concur.