DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a sentence above the statutory minimum imposed by the Fulton County Court of Common Pleas on a plea of guilty to trafficking in cocaine. For the reasons that follow, we affirm.
 {¶ 2} On March 18, 2004, appellant, Baron Osley, entered pleas of guilty to one count of trafficking in cocaine, a felony of the second degree, in violation of R.C. 2925.03(A)(1) and to a second count of trafficking in cocaine, a felony of the third degree, in violation of R.C. 2925.03(A)(1). On May 24, 2004, the trial court imposed a mandatory sentence of five years for the felony of the second degree and a sentence of one year for the felony of the third degree. The court ordered that the sentences be served concurrently with each other, but consecutively with the sentences imposed in the Lucas County Court of Common Pleas.
 {¶ 3} Appellant sets forth the following single assignment of error:
 {¶ 4} "The Trial Court erred by imposing a non-minimum prison term when the additional findings necessary to impose the sentence were not found by a jury or admitted by Appellant in violation of the Sixth Amendment and the United States Supreme Court decision in Blakely v.Washington [(2004) 542 U.S. 296] and U.S. v. Booker [(2005) ___ U.S. ___; 125 S. Ct. 738]."
 {¶ 5} Appellant asserts that the trial court violated his Sixth Amendment rights under Blakely v. Washington by imposing a prison sentence greater than the statutory minimum, because prior to sentencing the court considered factors regarding the seriousness of the crime and the ability to protect the public. These are facts that must be determined by a jury appellant insists.
 {¶ 6} This court has held that Blakely and its companion cases do not apply to Ohio's sentencing scheme except when a sentence exceeds the maximum of a statutory range. State v. Curlis, 6th Dist. No. WD-04-032,2005 Ohio 1217 at ¶ 18; See Blakely v. Washington (2004) 542 U.S. 296.
 {¶ 7} In Curlis, the defendant was sentenced to three years in prison for a third degree felony which has a statutory range of one to five years. The trial court determined that a lesser sentence would demean the seriousness of the conduct or fail to adequately protect the public because the offense was part of an activity involving organized crime. The court used this additional factor to increase the sentence above the minimum sentence available within the statutory range. State v. Curlis,
6th Dist. No. WD-04-032, 2005 Ohio 1217 at ¶ 17. In contrast, the trial court in Blakely increased the sentence imposed beyond the maximum sentence prescribed by statute after considering additional factors.Blakely, 542 U.S. at 301.
 {¶ 8} For a second degree felony, the trial court may impose a sentence of a prison term of two, three, four, five, six, seven, or eight years. R.C. 2929.14(A)(2). The trial court imposed on appellant a prison term of five years for the second degree felony, thus not exceeding the maximum sentence of the statutory range. In addition, the court must impose the minimum prison term of the statutory range unless that sentence will "demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender," pursuant to R.C. 2929.14(B)(2). The trial court imposed a sentence greater than the minimum of two years, stating a lesser sentence would demean the seriousness of the offense and would not adequately protect the public. Since after considering these factors the trial court did not impose a sentence above the statutory maximum, Blakely does not apply and the sentence imposed does not violate the Sixth Amendment rights of appellant. Therefore, appellant's assignment of error is found not well-taken.
 {¶ 9} The judgment of the Fulton County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal for which sum judgment is rendered against appellant on behalf of Fulton County and for which execution is awarded. See App. R. 24.
Judgment affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4, amended 1/1/98.
Pietrykowski, J., Singer, P.J., Skow, J. concur.