DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a sentence imposed by the Wood County Court of Common Pleas above the statutory minimum on a plea of guilty to failure to comply with an order or signal of a police officer. For following reasons, we affirm.
 {¶ 2} On April 17, 2004, appellant, Luis Garza, was observed traveling above the speed limit by a police officer in Pemberville who subsequently attempted to pull him over. After some pursuit, appellant lost control of the vehicle and crashed into a tree and a house. On July 8, 2004, a grand jury indicted appellant on one count of failure to comply with an order or signal of a police officer, a third degree felony, in violation of R.C. 2921.331(B). Appellant entered a guilty plea to the charge. On November 1, 2004, the trial court sentenced appellant to two years in prison stating a lesser offense would demean the seriousness of the conduct or fail to protect the public.
 {¶ 3} Appellant sets forth the following two assignments of error:
 {¶ 4} "I. The record was insufficient to support the imposition of a term of incarceration above the minimum term for a felony of the third degree."
 {¶ 5} "II. The trial court denied the appellant his state and federal constitutional right to have a jury determine beyond a reasonable doubt all facts legally essential to his sentence in sentencing appellant to a term of imprisonment in excess of the minimum term."
 {¶ 6} In his first assignment of error, appellant asserts the trial court should impose the statutory minimum sentence upon appellant. Appellant contends entry of a guilty plea renders the record insufficient to show the "shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others." R.C. 2929.14(B).
 {¶ 7} The Supreme Court of Ohio has held "pursuant to R.C. 2929.14(B), when imposing a non-minimum sentence on a first offender, a trial court is required to make its statutorily sanctioned findings on the record at the sentencing hearing." State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165, at ¶ 26. In addition, the Court held that oral findings at the sentencing hearing are sufficient for findings on the record. Id., citingState v. Edmonson (1999), 86 Ohio St.3d 324, 326. In Comer, the trial court imposed consecutive sentences of fifteen years to life. After the sentencing hearing, the court stated in a journal entry the imposed sentence was beyond the minimum required because the minimum sentence would not adequately protect the public or would demean the seriousness of the offense. Comer, at ¶ 1-2. The record of appellant's sentencing hearing presents the circumstances surrounding appellant's conduct and previous criminal history. Therefore, the trial court has oral findings sufficient to impose a sentence greater than the statutory minimum because the minimum term would demean the serious of the offense or fail to protect the public. Furthermore, the trial court stated these reasons at the sentencing hearing before imposing the greater sentence. The court is not required to give its reasons for finding that the seriousness of the offender's conduct will be demeaned or that the public will not be adequately protected from future crimes. Edmonson, at 326; See R.C. 2929.14(B). Accordingly, appellant's first assignment of error is found not well-taken.
 {¶ 8} In his second assignment of error, appellant asserts the sentence imposed by the trial court was a violation of his Sixth Amendment rights according to the United States Supreme Court's decision in Blakely v. Washington (2004), 542 U.S. 296.
 {¶ 9} This court has consistently held that Blakely and its companion cases do not apply to Ohio's sentencing scheme. State v. Curlis,
6th Dist. No. WD-04-032, 2005 Ohio 1217 at ¶ 18, see Blakely v. Washington
(2004) 542 U.S. 296. Accordingly, appellant's second assignment of error is found not well-taken.
 {¶ 10} The judgment of the Wood County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal for which sum judgment is rendered against appellant on behalf of Wood County and for which execution is awarded. See App. R. 24.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4, amended 1/1/98.
Handwork, J. Pietrykowski, J. Singer, P.J. Concur.