DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Wood County Court of Common Pleas that found appellant guilty of violating the terms and conditions of her community control and imposed a nine-month prison sentence. For the following reasons, this court affirms the judgment of the trial court.
 {¶ 2} Appellant sets forth two assignments of error:
 {¶ 3} "I. The trial court erred in imposing upon the defendant a prison sentence in excess of the minimum of six months.
 {¶ 4} "II. The trial court denied the appellant her state and federal constitutional right to have a jury determine beyond a reasonable doubt all facts legally essential to her sentence in sentencing the appellant to a term of imprisonment in excess of the minimum term."
 {¶ 5} On April 17, 2003, appellant was charged with one count of drug abuse, a fifth-degree felony, in violation of R.C. 2925.11(A). Appellant filed a motion for intervention in lieu of conviction pursuant to R.C.2951.041, and entered a plea of not guilty. She later changed her plea to a guilty plea. At a hearing held June 24, 2003, the trial court accepted appellant's plea and found she qualified for intervention in lieu of conviction. The trial court placed appellant on community control for 18 months and ordered her to complete a drug treatment program within that same period.
 {¶ 6} On August 5, 2003, the state filed a petition for revocation of appellant's community control. Two additional petitions were filed in September and October after further violations. The petitions reported that appellant failed to appear for scheduled meetings with her probation officer, failed drug screens and failed to schedule an evaluation at Behavioral Connections as required. A warrant was issued for appellant's arrest. On January 8, 2004, the trial court found appellant had violated the terms of her intervention and, on February 13, 2004, sentenced her to four years community control. On August 5, 2004, the state filed another petition for revocation of appellant's community control. The trial court continued appellant's community control and ordered her to serve 30 days in jail. On October 18, 2004, the state filed yet another petition for revocation. At a hearing held January 11, 2005, appellant stipulated to the violation. A disposition hearing was held January 28, 2005, and the trial court imposed a prison term of nine months for the offense of drug abuse. Appellant appeals from that judgment.
 {¶ 7} In her first assignment of error, appellant challenges the nine-month prison sentence she received in February 2005, which is greater than the minimum sentence of six months for a fifth-degree felony.
 {¶ 8} Appellant appears to argue that there is a conflict between granting community control in June 2003, and then imposing a greater-than-minimum sentence in February 2005. Appellant argues that if the trial court originally found that community control would not demean the seriousness of the offense, then any prison sentence later imposed should have been for the minimum term. Appellant provides no authority to support her argument that a trial court may not impose a greater-than-minimum sentence for an offense after originally granting community control for that same offense. Appellant also focuses on the hearing held February 13, 2004, following her first violation, and argues that the trial court erred by failing to make the findings required by R.C. 2929.14(B). None of appellant's arguments have any rational basis in the law. Appellant's situation as of the date she was sentenced is clear: she violated the terms of her community control several times, resulting in the trial court imposing a prison sentence. Since no prison sentence was imposed after the first two violation hearings, the trial court was not required to make any findings pursuant to R.C. 2929.14(B).
 {¶ 9} Pursuant to R.C. 2929.14(B), when a trial court imposes a non-minimum sentence on a first offender, the court is required to find one of the following: (1) the offender was serving a prison term at the time of the offense, or previously had served a prison term; or (2) the shortest prison term would demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others. The Supreme Court of Ohio has held that the trial court must make its findings on the record at the sentencing hearing.State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165. We have reviewed the transcript of the January 2005 hearing and find that the trial court complied with the requirements of R.C. 2929.14(B) for imposition of a non-minimum sentence by finding on the record that the minimum sentence would demean the seriousness of the offense. The trial court also found that the minimum sentence would not adequately protect appellant from herself or protect the public from future crime by appellant. The court noted the original offense was committed while appellant was under community control sanction; appellant had a prior history of criminal convictions and a failure to respond to probation; appellant showed a failure to acknowledge a pattern of drug and alcohol abuse and she continued to use drugs in spite of multiple efforts at treatment.
 {¶ 10} Based on the foregoing, we therefore find that the trial court did not err by imposing a nine-month sentence following appellant's final violation hearing and, accordingly, appellant's first assignment of error is not well-taken.
 {¶ 11} In her second assignment of error, appellant asserts the trial court denied her state and federal constitutional right to have a jury determine beyond a reasonable doubt all facts legally essential to her non-minimum sentence. Appellant relies on the decision of the United States Supreme Court in Blakely v. Washington (2004), 542 U.S. 296. This court has held that the Blakely protections of a defendant's right to trial by jury are not implicated under Ohio's sentencing scheme. SeeState v. Curlis, 6th Dist. No. WD-04-032, 2005-Ohio-1217. Accordingly, appellant's second assignment of error is not well-taken.
 {¶ 12} On consideration whereof, this court finds appellant was not prejudiced and the judgment of the Wood County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Wood County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Pietrykowski, J., Skow, J., Parish, J., concur.