DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas that found appellant guilty of one count of aggravated assault with a gun specification and imposed a term of imprisonment. For the following reasons, the judgment of the trial court is affirmed.
 {¶ 2} Appellant sets forth a single assignment of error:
 {¶ 3} "Assignment of Error No. 1:
 {¶ 4} "In sentencing the appellant, the trial court relied on facts not within the jury verdict or admitted by the defendant, contrary to the United States Supreme Court's rulings in UnitedStates v. Booker and Blakely v. Washington."
 {¶ 5} Appellant was indicted on one count of felonious assault in violation of R.C. 2903.11(A)(2) accompanied by a gun specification in violation of R.C. 2941.145. Appellant entered a plea of not guilty and, following trial to a jury, was found guilty of the lesser offense of aggravated assault in violation of R.C. 2903.12, a fourth degree felony, with the gun specification. On October 12, 2004, the trial court sentenced to appellant to three years for the gun specification and six months for the aggravated assault conviction. Six months is the minimum sentence for a fourth degree felony.
 {¶ 6} Appellant asserts on appeal that the trial court relied on facts not found by the jury or admitted by the defendant when it sentenced him to a prison term that exceeded the statutory maximum. Appellant bases his argument primarily on Blakely v.Washington (2004), 542 U.S. 296, in which the United States Supreme Court held that the statutory maximum for sentencing purposes is the maximum sentence a judge may impose solely on the basis of facts reflected in the jury's verdict or admitted by the defendant. Appellant argues that, based on Blakely, the "maximum prison term" that could be imposed was community control.
 {¶ 7} Appellant's argument fails for several reasons. First, this court has held that Blakely does not apply to Ohio's sentencing scheme. See State v. Curlis, 6th Dist. No. WD-04-032,2005-Ohio-1217. Further, Blakely is not applicable to appellant's case because he received the minimum sentence of six months for the aggravated assault conviction. R.C.2929.14(A)(4) states that "[f]or a felony of the fourth degree, the prison term shall be six, seven, eight, nine, ten, eleven twelve, thirteen, fourteen, fifteen, sixteen, seventeen, or eighteen months." Finally, appellant was not eligible for community control. R.C. 2929.13(F)(8) states in relevant part that a court shall impose a prison term for "* * * [a]ny offense * * * that is a felony, if the offender had a firearm on or about the offender's person or under the offender's control while committing the felony * * *."
 {¶ 8} For the foregoing reasons, we find the trial court did not err by imposing a six month sentence for the aggravated assault conviction and, accordingly, appellant's sole assignment of error is not well-taken.
 {¶ 9} On consideration whereof, this court finds that substantial justice was done the party complaining and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Singer, P.J., Skow, J., Parish, J., concur.