DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of conviction and sentence entered by the Wood County Court of Common Pleas after defendant-appellant, Charles Griffith, pled guilty to one count of rape and one count of sexual battery. Appellant now challenges his sentences on appeal through the following assignment of error:
 {¶ 2} "The sentence imposed by the trial court was excessive and contrary to law."
 {¶ 3} On July 8, 2004, appellant was indicted and charged with three counts of rape against a person, not his spouse, who was less than 13 years of age, in violation of R.C.2907.02(A)(1)(b), first degree felonies, and one count of gross sexual imposition on a person, not his spouse, who was less than 13 years of age, in violation of R.C. 2907.05(A)(4), a third degree felony. The charges involved two victims, Jane Doe I, who was appellant's niece, and Jane Doe II, who was appellant's wife's niece. Appellant initially entered pleas of not guilty to all charges. Subsequently, however, appellant and the state entered into a plea agreement under which appellant agreed to plead guilty to an amended charge of rape under Count 1 (Jane Doe II), and Count 2 (Jane Doe I), which charge was amended to sexual battery in violation of R.C. 2907.03(A)(1), a third degree felony. In exchange for appellant's plea, the state agreed to move for a dismissal of Counts 3 and 4 of the indictment, and to recommend a minimum prison sentence of three years.
 {¶ 4} On January 10, 2005, the case proceeded to a sexual offender classification and sentencing hearing. The court stated that it had reviewed the presentence investigation report. The court then heard statements from appellant's attorney, the prosecutor, the grandmother of Jane Doe II, the mother of Jane Doe I, and appellant. After weighing the relevant factors, the court sentenced appellant to six years incarceration on the rape conviction and three years incarceration on the sexual battery conviction, with the sentences to run concurrently. The court also determined appellant to be a sexually oriented offender. This appeal timely followed.
 {¶ 5} In his sole assignment of error, appellant asserts that the sentence imposed by the trial court was excessive and contrary to law. In particular, appellant contends that the trial court failed to adequately consider all of the factors which would have indicated that appellant's conduct was less serious than conduct normally constituting the offenses and that recidivism was less likely.
 {¶ 6} Pursuant to R.C. 2953.08, appellate courts have the authority to review sentencing decisions of trial courts. Appellate courts may only vacate or modify a sentence upon clear and convincing evidence that "the sentence is not supported by the record, is contrary to law or that the trial court failed to follow the proper statutory procedures for imposing such sentence." State v. Persons (Apr. 26, 1999), 4th Dist. No. 98 CA 19; R.C. 2953.08(G). In making a decision, the sentencing judge must remain within the purview of one of the two purposes of felony sentencing, either to protect the public from future crime or to punish the offender, as outlined by R.C. 2929.11(A). "To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public or both." R.C. 2929.11(A). Moreover, "[a] sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing * * * commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." R.C.2929.11(B).
 {¶ 7} Under R.C. 2929.12(A), a court imposing sentence for a felony "has discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in" R.C. 2929.11. This discretion is guided by the factors in R.C. 2929.12(B) and (C), regarding the seriousness of the offender's conduct, R.C. 2929.12(D) and (E), regarding the likelihood of the offender's recidivism, and any other factors which the court finds relevant. The findings under these factors must be stated on the record at the sentencing hearing. State v.Comer, 99 Ohio St.3d 463, 2003-Ohio-4165, at paragraph two of the syllabus. In weighing these factors, the court is able to use its discretionary judgment to assign the amount of weight given to any individual factor in the final decision. State v. Arnett
(2000), 88 Ohio St.3d 208, 213.
 {¶ 8} The crime of rape, a first degree felony, carries with it a mandatory minimum sentence of three years and a maximum sentence of ten years in prison under R.C. 2929.14(A)(1). The crime of sexual battery is a third degree felony with a sentencing range of one to five years imprisonment. R.C.2929.14(A)(3). Pursuant to R.C. 2929.14(B), the court is required to impose the shortest prison term for first time imprisonment and maximum sentences are usually disfavored. State v. Walk
(Dec. 29, 2000), 6th Dist. No. E-97-079. However, R.C.2929.14(B)(2) allows the court discretion to increase the sentence above the minimum if the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime. The court is then required to show that it has undertaken some analysis of the case and has come to the conclusion that increasing the sentence for one of the two above reasons is merited. State v. Edmonson (1999),86 Ohio St.3d 324, 326.
 {¶ 9} At the sentencing hearing below, the court, after reviewing the presentence investigation report and hearing the statements as noted above, took into account many factors in accordance with R.C. 2929.12 in imposing sentence.
 {¶ 10} Relevant factors under R.C. 2929.12(B), which the court used to determine whether appellant's conduct was more serious than conduct normally constituting the offenses of rape and sexual battery included:
 {¶ 11} "(1) The physical or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the physical or mental condition or age of the victim.
 {¶ 12} "(2) The victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense.
 {¶ 13} "* * *
 {¶ 14} "(6) The offender's relationship with the victim facilitated the offense." The court did not find any of the R.C.2929.12(C) factors which would indicate that appellant's conduct was less serious than conduct normally constituting the offenses of rape and sexual battery.
 {¶ 15} The court further considered the recidivism factors and specifically found that although appellant had a prior record, it was minimal. The court further found that appellant demonstrated genuine remorse and had sought out and participated in sexual offender treatment. Nevertheless, the court expressly found that the minimum sentence would demean the seriousness of appellant's conduct and would not adequately protect the public from future crime, as it was required to do when imposing less than minimum sentences. R.C. 2929.14(B).
 {¶ 16} In our view, the lower court properly weighed the relevant factors under R.C. 2929.12 in sentencing appellant. Furthermore, the court was within its discretion under R.C.2929.14 to extend appellant's sentence above the minimum after finding that the shortest prison term would demean the seriousness of appellant's conduct and would not adequately protect the public. Based on the foregoing, we find clear and convincing evidence to support the sentences imposed by the trial court and find that they are not contrary to law.
 {¶ 17} Appellant further asserts that the lower court erred in imposing non-minimum sentences upon him where the findings essential to those sentences, in this case that the shortest prison term would demean the seriousness of the offender's conduct or would not adequately protect the public from future crime by appellant and others, was not made by a jury or admitted by appellant. In support of his argument, appellant relies on the United States Supreme Court's decision in Blakely v. Washington
(2004), 542 U.S. 296. This court, however, has consistently held that the Blakely protections of a defendant's right to trial by jury are not implicated under Ohio's sentencing scheme and thatBlakely applies only when the maximum sentence in the available range for an offense has been exceeded which, under Ohio law, simply does not occur. State v. Curlis, 6th Dist. No. WD-04-032, 2005-Ohio-1217, at ¶ 18. Accordingly, appellant did not have a constitutional right to have the finding essential to a non-minimum sentence determined by a jury.
 {¶ 18} The sole assignment of error is not well-taken.
 {¶ 19} On consideration whereof, the court finds that appellant was not prejudiced or prevented from having a fair trial and the judgment of the Wood County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Wood County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J. Pietrykowski, J. Skow, J. concur.