DECISION AND JUDGMENT ENTRY
{¶ 1} This matter is before the court on the judgment of the Lucas County Court of Common Pleas wherein, following a plea of no contest, appellant, Anthony Fiorillo, was found guilty on one count of felonious assault, a felony of the second degree, in violation of R.C. 2903.11(A)(1), and one count of aggravated robbery, a felony of the first degree, in violation of R.C.2911.01(A)(3), and sentenced on September 1, 2004, to 7 years on each count to be run consecutively, for a total incarceration time of 14 years. For the reasons set forth below, this court affirms the decision of the trial court.
 {¶ 2} Appellant's counsel has submitted a request to withdraw pursuant to Anders v. California (1967), 386 U.S. 738. Anders
and State v. Duncan (1978), 57 Ohio App.2d 93, set forth the procedure to be followed by appointed counsel who desires to withdraw for want of a meritorious, appealable issue. InAnders, the United States Supreme Court held that if counsel, after a conscientious examination of the case, determines it to be wholly frivolous he should so advise the court and request permission to withdraw. Id. at 744. This request, however, must be accompanied by a brief identifying anything in the record that could arguably support the appeal. Id. Counsel must also furnish his client with a copy of the brief and request to withdraw and allow the client sufficient time to raise any matters that he chooses. Id. Once these requirements have been satisfied, the appellate court must then conduct a full examination of the proceedings held below to determine if the appeal is indeed frivolous. If the appellate court determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements or may proceed to a decision on the merits if state law so requires. Id.
 {¶ 3} In this case, appointed counsel for appellant has satisfied the requirements set forth in Anders, supra. In support of his request, counsel for appellant states that, after carefully reviewing the transcript and record of proceedings in the trial court, and after researching case law and statutes relating to potential issues, he was unable to find any arguable appealable issues. Counsel for appellant does, however, set forth the following two potential issues:
 {¶ 4} (1) "Whether the trial court and trial counsel denied the defendant-appellant due process when they failed to address the issue of defendant-appellant's competency to stand trial or asserted (sic) an insanity defense."
 {¶ 5} (2) "Whether the trial court abused its discretion when sentencing defendant."
 {¶ 6} Additionally, appellant, pro se, sets forth the following sole assignment of error:
 {¶ 7} "The appellant was denied his right to due process when the court errored (sic) in departing from the minimum sentence without submitting the evidence use (sic) for the departure to a jury."
 {¶ 8} Upon a thorough review of the record, we find that counsel for appellant correctly determined that there was no meritorious appealable issue present in this case. With respect to appellant's counsel's potential assignment of error concerning appellant's competency, we find that there was no indication that appellant was not competent or did not understand the nature of the proceedings against him. Appellant was referred to Court Diagnostic and Treatment Center for a presentence investigation and was found to display no symptoms of psychosis or neurosis, appeared to be of average intelligence, and was properly oriented as to time, person and place. With respect to appellant's consecutive sentences, we find that the trial court made the appropriate findings, which were supported by the record, pursuant to R.C. 2929.14(E)(4)(b).
 {¶ 9} In appellant's assignment of error, he asserts that the trial court erroneously sentenced him to greater than the minimum and considered facts not admitted by appellant, in violation of appellant's Sixth Amendment right to trial by jury and contrary to the United States Supreme Court's ruling in Blakely v.Washington (2004), 542 U.S. 296, 124 S.Ct. 2531. This court has previously held that the decision in Blakely does not apply to Ohio's indeterminate sentencing scheme. State v. Curlis, 6th Dist. No. WD-04-032, 2005-Ohio-1217, ¶ 18. Additionally, we find that the trial court made the appropriate findings, pursuant to R.C. 2929.14(B)(2), in ordering appellant to serve more than the minimum sentence permitted. Accordingly, we find appellant's assignment of error not well-taken.
 {¶ 10} Upon our own independent review of the record, we find no other grounds for a meritorious appeal. This appeal is, therefore, found to be without merit and is wholly frivolous. Appellant's counsel's motion to withdraw is found well-taken and is hereby granted. The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
Judgment Affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J., Pietrykowski, J., and Singer, P.J., concur.