OPINION
{¶ 1} Appellant William Slabaugh appeals the sentence rendered, by the Stark County Court of Common Pleas, after he entered guilty pleas to the charges of felonious assault and kidnapping. The following facts give rise to this appeal.
 {¶ 2} In August 2004, the Stark County Grand Jury indicted appellant, for one count each, of kidnapping and felonious assault. The incident giving rise to these charges occurred on July 10, 2004. On this date, appellant and his wife, Becky Slabaugh, were separated. Becky arrived at the marital residence to inventory her belongings.
 {¶ 3} While in the basement of the residence, appellant grabbed Becky, by the hair, and held her on the floor while he sprayed nitric acid on her face and body. Becky continued to struggle as appellant sprayed her. Eventually, Becky broke free from appellant when he spilled some of the nitric acid on himself. Becky ran outside the residence and began spraying herself with water from a garden hose. A neighbor called 911.
 {¶ 4} As part of the pretrial process, appellant filed a motion to suppress oral statements he made to investigating sheriff's deputies. The trial court conducted an evidentiary hearing on the motion to suppress and granted it in part. Thereafter, prior to the commencement of trial, appellant entered guilty pleas to the charges contained in the indictment.
 {¶ 5} At the sentencing hearing conducted on December 8, 2004, the trial court sentenced appellant to an aggregate prison term of twelve years. The trial court specifically rejected appellant's argument that the charged offenses were allied offenses of similar import. Appellant timely filed a notice of appeal and sets forth the following assignments of error for our consideration:
 {¶ 6} "I. THE TRIAL COURT ERRED IN FINDING THAT FELONIOUS ASSAULT AND KIDNAPPING ARE NOT ALLIED OFFENSES.
 {¶ 7} "II. THE TRIAL COURT ERRED IN IMPOSING NON-MINIMUM, CONSECUTIVE SENTENCES.
 {¶ 8} "III. THE TRIAL COURT ERRED AND VIOLATED MR. SLABAUGH'S RIGHT TO A JURY TRIAL AS GUARANTEED UNDER THE SIXTH AND FOURTEENTH AMENDMENTS TO THE CONSTITUTION OF THE UNITED STATES AND ARTICLE 1, SECTION 5 OF THE CONSTITUTION OF THE STATE OF OHIO IN IMPOSING NON-MINIMUM, CONSECUTIVE SENTENCES BASED ON FACTUAL DETERMINATIONS NOT MADE BY A JURY OR ADMITTED BY MR. SLABAUGH AND NOT PROVEN BEYOND A REASONABLE DOUBT."
 I {¶ 9} In his First Assignment of Error, appellant contends the trial court erred when it found that felonious assault and kidnapping are not allied offenses of similar import. We disagree.
 {¶ 10} R.C. 2941.25(A) addresses multiple counts and provides as follows:
 {¶ 11} "Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one."
 {¶ 12} In State v. Rance, 85 Ohio St.3d 632, 1999-Ohio-291, the Ohio Supreme Court stated the test for determining whether crimes are allied offenses of similar import. The Court held as follows:
 {¶ 13} "If the elements of the crimes `correspond to such a degree that the commission of one crime will result in the commission of the other, the crimes are allied offenses of similar import.'" [Citations omitted.] Id. at 636.
 {¶ 14} In making this determination, a court must align the elements of each crime in the abstract. Id. at 638. If the elements do so correspond, the defendant may not be convicted of both crimes unless the court finds that the defendant committed the crimes separately or with separate animus. Id. at 638-639.
 {¶ 15} Further, in State v. Laird (June 15, 1998), Stark App. No. 1997 CA 00211, this Court cited the Ohio Supreme Court's decision in State v.Logan (1979), 60 Ohio St.2d 126, which sets forth guidelines for determining whether kidnapping and another offense of the same or similar kind are committed with a separate animus as to each pursuant to R.C.2941.25(B). These guidelines state:
 {¶ 16} "(a) Where the restraint or movement of the victim is merely incidental to a separate underlying crime, there exists no separate animus sufficient to sustain separate convictions; however, where the restraint is prolonged, the confinement is secretive, or the movement is substantial so as to demonstrate a significance independent of the other offense, there exists a separate animus as to each offense sufficient to support separate convictions;
 {¶ 17} "(b) Where the asportation or restraint of the victim subjects the victim to a substantial increase in risk of harm separate and apart from that involved in the underlying crime, there exists a separate animus as to each offense sufficient to support separate convictions." Id. at 9-10.
 {¶ 18} Pursuant to the analysis contained in Rance, we set forth the statutory elements for felonious assault and kidnapping, as charged in the indictment, to compare the elements and determine whether they correspond to such a degree that they are allied offenses of similar import. R.C. 2903.11 defines the crime of felonious assault as follows:
 {¶ 19} "(A) No person shall knowingly:
 {¶ 20} "(1) Cause or attempt to cause physical harm to another or to another's unborn;
 {¶ 21} R.C. 2905.01 defines kidnapping, in pertinent part, as follows:
 {¶ 22} "(A) No person, by force, threat, or deception, or, in the case of a victim under the age of thirteen or mentally incompetent, by any means, shall remove another from the place where the other person is found or restrain the liberty of the other person, for any of the following purposes:
"* * *
 {¶ 23} "(3) To terrorize, or to inflict serious physical harm on the victim or another;
"* * *"
 {¶ 24} In State v. Blankenship (1988), 38 Ohio St.3d 116, the Ohio Supreme Court specifically held that "[c]omparing the elements of [felonious assault and kidnapping], we do not find that the elements correspond to such a degree that the commission of kidnapping necessarily results in the commission of felonious assault." Id. at 118. We note that the Blankenship decision was issued prior to the Court's decision inRance.
 {¶ 25} Further, some debate exists as to whether State v. Fears,86 Ohio St.3d 329, 1999-Ohio-111, implicitly overruled the Rance
decision. In Fears, the Ohio Supreme Court found that the kidnapping specification merged with the aggravated robbery specification because the offenses were not committed with a separate animus. Id. at 344. In reaching this conclusion, the Court stated:
 {¶ 26} "Thus, when a kidnapping is committed during another crime, there exists no separate animus where the restraint or movement of the victim is merely incidental to the underlying crime. * * * However, where the restraint is prolonged, the confinement is secretive, or the movement is substantial, there exists a separate animus as to each offense. * * *" Id.
 {¶ 27} Despite this analysis in Fears, the Ohio Supreme Court has continued to follow the Rance abstract statutory framework. See State v.Childs, 88 Ohio St.3d 558, 561-562, 2000-Ohio-425. Accordingly, in applying the Rance analysis to the case sub judice, we find the crimes of felonious assault and kidnapping are not allied offenses of similar import. A kidnapping may occur without a felonious assault. Likewise, a felonious assault may occur absent the existence of a kidnapping. A person may injure another without restraining the victim of his or her liberty. State v. Garcia, Cuyahoga App. No. 79281, at 3, 2002-Ohio-504.
 {¶ 28} Thus, having concluded that the elements of the crimes do not correspond in the abstract, we do not reach the second step of the analysis which would require a determination of whether the crimes were committed with a separate animus.
 {¶ 29} Appellant's First Assignment of Error is overruled.
 II {¶ 30} Appellant maintains, in his Second Assignment of Error, the trial court erred when it imposed non-minimum, consecutive sentences. Specifically, appellant claims the record in this case does not support the consecutive sentence findings of the trial court or the imposition of a sentence for kidnapping that was greater than the minimum sentence. We disagree with both of these arguments.
 {¶ 31} An appellate court reviews a felony sentence under a clear and convincing evidence standard of review. We may not disturb a sentence unless we clearly and convincingly find that the record does not support the trial court's findings or that the sentence is otherwise contrary to law. Clear and convincing evidence is that evidence "* * * which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford (1954),161 Ohio St. 469, paragraph three of the syllabus.
A. Non-Minimum Sentence
 {¶ 32} Pursuant to R.C. 2929.14(B), a trial court is required to impose the shortest prison term, for an offense, unless the court makes one of the following findings: (1) the offender was serving a prison term at the time of the offense; (2) the offender has previously served a prison term; (3) the shortest prison term will demean the seriousness of the offender's conduct; (4) the shortest prison term will not adequately protect the public from future crime by the offender or others.
 {¶ 33} However, a trial court is not required to make these findings, under R.C. 2929.14(B), when a court imposes the maximum sentence for an offense. The Ohio Supreme Court explained this in State v. Evans,102 Ohio St.3d 240, 2004-Ohio-2659, wherein the Court held that "R.C.2929.14(B) is inapplicable where a maximum sentence is imposed for a single offense, provided that the record reflects that the court based the sentence upon at least one R.C. 2929.14(C) criterion." Id. at syllabus.
 {¶ 34} The trial court, pursuant to R.C. 2929.14(C), made the requisite findings in support of its decision to impose the maximum sentence for the kidnapping offense. This statute provides:
 {¶ 35} "Except as provided in division (G) of this section or in Chapter 2925. of the Revised Code, the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section."
 {¶ 36} At the sentencing hearing, the trial court found that appellant committed one of the worst forms of the offense of kidnapping. The trial court stated "* * * this conduct requires the maximum sentence of ten years on the felony one [kidnapping] in that it is the worst form of the crime — premeditated, cruelly administered while holding her down, dispassionate concerning the injuries. There's six surgeries to date and the scarring." Tr. Sentencing Hrng., Dec. 8, 2004, at 48. These findings, by the trial court, support the trial court's conclusion that appellant committed one of the worst forms of kidnapping. Accordingly, we do not find, by clear and convincing evidence, the trial court erred when it sentenced appellant, on the kidnapping charge, to a sentence that was greater than the minimum sentence.
B. Consecutive Sentences
 {¶ 37} Appellant also argues, under his Second Assignment of Error, the trial court erred when ordered the two sentences to be served consecutively. Appellant maintains the record does not support a finding that consecutive sentences were necessary to protect the public and he does not meet any of the criteria set forth in R.C. 2929.14(E)(4)(a) through (c).
 {¶ 38} The statute appellant refers to provides as follows:
 {¶ 39} "(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive sentence is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 40} "(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to Section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 41} "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 42} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 43} "Consecutive sentences are reserved for the worst offenses and offenders." (Citation omitted.) State v. Comer, 99 Ohio St.3d 463,2003-Ohio-4165, at ¶ 21. Thus, in imposing consecutive sentences, the trial court, at the sentencing hearing, is required to orally make its findings and state its reasons on the record. Id. at paragraph one of the syllabus.
 {¶ 44} In Comer, the Ohio Supreme Court stated: "A court may not impose consecutive sentences for multiple offenses unless it `finds' three statutory factors. R.C. 2929.14(E)(4). First, the court must find
that consecutive sentences are necessary to protect the public from future crime or to punish the offender. * * * Second, the court mustfind that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. * * * Third, the court must find the existence of one of the enumerated circumstances in R.C. 2929.14(E)(4)(a) through (c). (Emphasis sic.) Id. at ¶ 13.
 {¶ 45} In the case sub judice, the trial court stated as follows concerning its decision to impose consecutive sentences:
 {¶ 46} "Consecutive sentences are necessary because of the reasons stated. They are necessary to punish you and are not disproportionate to the seriousness of your conduct, and the harm caused by the two offenses are (sic) so great that no single sentence adequately reflects the seriousness of the conduct. It was premeditated. It was especially cruel and done in a dispassionate way wreaking untold harm.
 {¶ 47} "You as a lawyer understand that in the criminal justice system premeditation is especially condoned. It makes something even more serious. It isn't done out of a crime of passion. The period of time that was involved from the time you ordered that nitric acid, you waited for it and waited for the opportunity to use it make this especially, especially something that is worthy not only of the maximum sentence for the felony one but for consecutive sentences." Tr. Sentencing Hrng., Dec. 8, 2004, at 48-49.
 {¶ 48} We do not clearly and convincingly find that the record does not support the trial court's decision to impose a consecutive prison term in this matter. The harm caused by appellant's conduct was great. Becky Slabaugh almost died as a result of appellant's criminal conduct. Ms. Slabaugh suffered nitric acid burns, from head to toe, spent four days on a ventilator and endured six surgeries. Clearly, the seriousness of appellant's conduct and the harm he caused Becky Slabaugh is so great that a single sentence does not adequately reflect the seriousness of appellant's conduct. Accordingly, the trial court properly sentenced appellant to consecutive sentences.
 {¶ 49} Appellant's Second Assignment of Error is overruled.
 III {¶ 50} In his Third Assignment of Error, appellant contends the trial court erred when it imposed non-minimum, consecutive sentences based on factual determinations not made by a jury or admitted by him and not proven beyond a reasonable doubt. We disagree.
 {¶ 51} Appellant argues his sentence is contrary to the holdings of the following two recent decisions from the United States Supreme Court:Apprendi v. New Jersey (2000), 530 U.S. 466, and Blakely v. Washington
(2004), 542 U.S. 296. These two decisions stand for the proposition that any fact extending the defendant's sentence beyond the maximum authorized by the jury's verdict would have been considered an element of an aggravated crime and therefore, the domain of the jury. If the sentence is increased beyond the maximum range allowed for the offense, then the facts to support that increase must be presented to a jury, under the beyond a reasonable doubt standard, regardless of whether the state labels such fact as a "sentencing factor" or an "element" of the offense. State v. Henry, Delaware App. No. 2004-CAA-06-047, 2004-Ohio-6711, at ¶ 11.
 {¶ 52} We have previously rejected the arguments made by appellant inState v. Iddings, (Dec. 3, 2004), Delaware App. No. 2004CAA06043. InIddings, we reviewed the Blakely decision and found it "do[es] not obviate entirely judicial discretion in sentencing a criminal defendant. Rather, the trial courts maintain discretion to select a sentence within the range prescribed by the legislature." Id. at ¶ 12.
 {¶ 53} This Court further explained, in Iddings, that:
 {¶ 54} "None of the factors set forth in either 2929.13(B) or 2929.14(B) subject an offender to a prison term in excess of what the law provides as the maximum sentence for a felony of the fourth or fifth degree. The Legislature has simply codified factors that sentences (sic) courts have always considered when deciding to sentence a defendant within the range permitted by statute. The fact that the legislature has chosen certain of the traditional sentencing factors and dictated the precise weight to be given those factors does not evade the requirements of the Fifth and Sixth Amendments. * * *." Id. at ¶ 20 ¶ 21.
 {¶ 55} We also rejected this argument as it pertains to the imposition of consecutive sentences in State v. Stillman, Delaware App. No. 04CAA07052, 2004-Ohio-6974, at ¶ 87, and explained:
 {¶ 56} "As for the consecutive nature of the sentences, appellant agrees the trial court stated the requisite findings pursuant to R.C.2929.14(E)(4) on the record and in the judgment entry on sentence. * * * Appellant argues such findings require a jury's finding pursuant toBlakely. Given this court's opinion in Iddings, we disagree."
 {¶ 57} Accordingly, appellant's Third Assignment of Error is overruled.
 {¶ 58} For the foregoing reasons, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.
Wise, J., Gwin, P.J., and Farmer, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
Costs assessed to Appellant.