OPINION *Page 2 
{¶ 1} On October 27, 2006, the Guernsey County Grand Jury indicted appellant, Eldon Church, Jr., on one count of burglary in violation of R.C. 2911.12, one count of theft in violation of R.C. 2913.02, and one count of receiving stolen property in violation of R.C. 2913.51.
 {¶ 2} On November 28, 2006, appellant pled no contest to the burglary and theft counts. The receiving stolen property count was dismissed. The trial court found appellant guilty. By judgment entry filed January 12, 2007, the trial court sentenced appellant to a total aggregate sentence of eighteen months in prison.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 4} "THE CONSECUTIVE SENTENCE IMPOSED BY THE TRIAL COURT VIOLATED THE DOUBLE JEOPARDY CLAUSES OF THE FIFTH AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES, ARTICLE I, SECTION 10 OF THE CONSTITUTION OF THE STATE OF OHIO, AND R.C. 2941.25."
 I {¶ 5} Appellant claims the trial court's sentence violated the double jeopardy clauses and R.C. 2941.25. Specifically, appellant claims the sentences for burglary and theft should have been merged as they are similar and allied offenses. We disagree.
 {¶ 6} Appellant was convicted of burglary in violation of R.C.2911.12(A)(3) which states: *Page 3 
 {¶ 7} "(A) No person, by force, stealth, or deception, shall do any of the following:
 {¶ 8} "(3) Trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, with purpose to commit in the structure or separately secured or separately occupied portion of the structure any criminal offense."
 {¶ 9} Appellant was also convicted of theft in violation of R.C.2913.02(A)(1) which states:
 {¶ 10} "(A) No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services in any of the following ways:
 {¶ 11} "(1) Without the consent of the owner or person authorized to give consent."
 {¶ 12} R.C. 2941.25 governs multiple counts and states the following:
 {¶ 13} "(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
 {¶ 14} "(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them." *Page 4 
 {¶ 15} In his brief at 5, appellant concedes the "two offenses have elements which do not correspond to such a degree that the commission of one offense will result in the commission of the other. Burglary and theft are separate crimes; one can be committed without committing the other."
 {¶ 16} In State v. Rance (1999), 85 Ohio St. 3d 632, headnote 8 states the following:
 {¶ 17} "Applicable test for deciding whether two offenses are of similar import for purposes of multiple count statute is as follows: if the elements of the crimes correspond to such a degree that the commission of one crime will result in the commission of the other, the crimes are allied offenses of similar import, but if the elements do not so correspond, the offenses are of dissimilar import, the court's inquiry ends, and multiple convictions are permitted."
 {¶ 18} In State v. Talley (1985), 18 Ohio St.3d 152, 154, the Supreme Court of Ohio explained the following:
 {¶ 19} "A comparison of the elements for each of these three crimes clearly indicates that they do not correspond to such a degree that the commission of one offense will result in the commission of the other. For example, the crime of breaking and entering necessarily involves a trespass into an unoccupied structure. This element is not essential to the commission of grand theft or possession of criminal tools."
 {¶ 20} Appellant argues in State v. Fears, 86 Ohio St.3d 329, 344,1999-Ohio-111, the Supreme Court of Ohio modified the Rance test by concluding that a kidnapping charge merged with an aggravated robbery charge because the offenses *Page 5 
"were committed with no separate animus, as there is no showing of a prolonged restraint, significant asportation, or secret confinement of the victims." Fears, at 344. The Fears court went on to conclude an aggravated burglary charge did not merge with the aggravated robbery count, finding "As soon as appellant entered the apartment by force armed with a deadly weapon with the intent to commit a theft, the aggravated burglary was completed." Id.
 {¶ 21} Although we have acknowledged that the Fears decision casts some doubt on the advisability of the Rance standard, State v.Slabaugh, Stark App. No. 2005-CA-6, 2005-Ohio-5307, we are bound by the law as it exists today under Rance.
 {¶ 22} Upon review, we find the trial court did not err in sentencing appellant on each count and then ordering them to be served consecutively.
 {¶ 23} The sole assignment of error is denied.
 {¶ 24} The judgment of the Court of Common Pleas of Guernsey County, Ohio is hereby affirmed.
 Farmer, P.J. Wise, J. and Edwards, J. concur. *Page 6 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Guernsey County, Ohio is affirmed. *Page 1