DECISION AND JUDGMENT ENTRY
{¶ 1} This case is before the court on appeal from a judgment of the Huron County Court of Common Pleas. Pursuant to 6th Dist.Loc.App.R. 12(C), this cause is assigned to the court's accelerated docket.
 {¶ 2} Appellant, William W. Weese, pled guilty to: (1) two counts of burglary, violations of R.C. 2911.12(A)(3), felonies of the third degree; (2) one count of robbery, a violation of R.C.2911.02(A)(3), a felony of the third degree; (3) one count of burglary, a violation of R.C. 2911.12(A)(2), a felony of the second degree; and (4) one count of aggravated burglary, a violation of R.C. 2911.11, a felony of the first degree.
 {¶ 3} On December 28, 2004, the trial court sentenced appellant to a prison term of two years for each of the third degree felonies (a total of six years), a prison term of four years for the second degree felony, and a prison term of five years for the first degree felony. The court further ordered that the terms of imprisonment were to be served consecutively. It is undisputed that the 15 year total exceeds the maximum number of years that a trial court could impose for a first degree felony. See R.C. 2929.14(A)(1).
 {¶ 4} Appellant appeals his sentence and asserts the following assignment of error:
 {¶ 5} "I. The trial court erred because the findings of the court supporting the sentence were not admitted by the defendant nor found beyond a reasonable doubt by a jury which violated the defendant's rights to a trial by jury as guaranteed under the federal and state constitutions."
 {¶ 6} Appellant contends that Ohio's sentencing scheme is unconstitutional under the Sixth and Fourteenth Amendments to the United States Constitution and Section 10, Article I, Ohio Constitution because, in imposing consecutive sentences that exceed the maximum for a first degree felony, the trial court made factual findings that were neither admitted by appellant nor determined by a jury. Appellant relies on Apprendi v. NewJersey (2000), 530 U.S. 466; Blakely v. Washington (2004),542 U.S. 296, 124 S. Ct. 2531; and United States v. Booker (2005) 543 U.S. ___, 125 S.Ct. 738, to support this contention.
 {¶ 7} In Blakely, the United States Supreme Court followed its prior decision made in Apprendi and determined that the statutory sentencing scheme of the state of Washington was unconstitutional insofar as it permitted, in the absence of a prior conviction, the trial judge to make factual findings to increase the penalty for a crime beyond the statutory maximum. Id. at 2536-2537. The court determined that in such a situation, any fact, other than a prior conviction, that increases the penalty beyond the maximum for that statutory offense must be submitted to a jury and proved beyond a reasonable doubt. Id. citing Apprendi, supra.
 {¶ 8} This court previously determined that Blakely is not applicable to Ohio's hybrid statutory scheme. State v. Curlis,
6th Dist. No. WD-04-032, 2005-Ohio-1217. Now we must decide whether Booker has any impact upon that determination.
 {¶ 9} The Booker court applied the precept set forth inBlakely to the Federal Sentencing Guidelines, which are constitutionally indistinguishable from the state of Washington's determinate grid sentencing system. Booker, 124 S.Ct. at 749. Thus, the Booker court was faced with a situation similar to that presented in Blakely.
 {¶ 10} Two sections of the United States Code made the Federal Sentencing Guidelines mandatory. Id. at 750. Because they were mandatory, a district court could enhance a defendant's sentence beyond the maximum of the range authorized by the jury's verdict. In Booker's case, the "jury convicted him of possessing at least 50 grams of crack in violation of21 U.S.C. § 841(b)(1)(A)(iii) [21 USCS § 841(b)(1)(A)(iii)] based on evidence that he had 92.5 grams of crack in his duffel bag. Under these facts, the Guidelines specified an offense level of 32, which, given the defendant's criminal history category, authorized a sentence of 210-to-262 months." Id. at 751.
 {¶ 11} Nevertheless, the sentence imposed by the district court was 360 months. Id. In order to impose this sentence, the judge was required to find facts beyond those found by the jury. Id. Specifically, the court "found that Booker possessed 566 grams of crack in addition to the 92.5 grams in his duffel bag. The jury never heard any evidence of the additional drug quantity, and the judge found it true by a preponderance of the evidence." Id. The United States Supreme Court therefore determined that Blakely was applicable to the Federal Sentencing Guidelines. Id. However the Booker court merely excised those sections of the statute that made the guidelines mandatory, which, in effect, rendered them advisory. See Statev. Lett, 8th Dist. Nos. 84707 and 8472, 2005-Ohio-2665, at ¶ 13.
 {¶ 12} Because it is distinguishable from the Federal Sentencing Guidelines, we conclude that unlike Booker,Apprendi, and Blakely, Ohio's statutory sentencing scheme does not implicate appellant's right to a jury trial under theSixth Amendment to the United States Constitution or Section 10, Article I, Ohio Constitution. Accordingly, appellant's single assignment of error is found not well-taken.
 {¶ 13} On consideration whereof, this court find that appellant was not prejudiced or prevented from having a fair trial, and the judgment of the Huron County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs, pursuant to App.R. 24, of this appeal for which sum judgment is rendered against appellant on behalf of Huron County and for which execution is awarded.
Judgment Affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J., Pietrykowski, J., Parish, J. Concur.