DECISION AND JUDGMENT ENTRY
{¶ 1} This accelerated case is before the court on appeal from a judgment of the Wood County Court of Common Pleas, wherein appellant, Harold Mathews, pled guilty to an amended charge of unlawful sexual conduct with a minor in violation of R.C. 2907.04(A) and (B)(1), a felony of the fourth degree. After holding a Crim.R. 11 hearing, the court accepted the plea and adjudged appellant guilty of the charged offense.
 {¶ 2} The relevant facts of this case, as taken from the sentencing hearing and the presentence investigation report (which was considered by the trial judge in rendering its decision) are as follows.
 {¶ 3} Appellant was 28 years old and married at the time that he committed the instant offense. Appellant found the profile and photograph of the victim, a 14 year old girl, on the internet and contacted her. He and the victim subsequently "chatted," by means of the internet, for a few weeks. Eventually, appellant arranged for a "date" with victim. On the "date," appellant and the victim first went to see a movie. However, after the movie, appellant drove to a rural area and engaged in sexual intercourse with the victim. While appellant claimed that the victim "asked him to have intercourse with her," and/or that he was "high" on cocaine at the time, the victim stated that she was "screaming" during intercourse. The victim told her mother about the unlawful sexual activity. The mother, after taking her daughter to the hospital, contacted the Lake Township Police Department, the police conducted an investigation, and, as a result, appellant was indicted on one count of engaging in unlawful sexual conduct with a minor, a violation of R.C.2907.04(A) and (B)(3), a felony of the third degree. As stated previously, appellant later entered a guilty plea to a reduced charge.
 {¶ 4} At appellant's sentencing hearing, the court below sentenced appellant to 18 months in prison, the longest sentence possible under R.C. 2929.14(A)(4) and to a mandatory five years of community control. The court also classified appellant as a habitual sexual offender, subject to community notification under R.C. Chapter 2950. Appellant appeals his sentence pursuant to R.C. 2953.08(A), and asserts the following assignments of error:
 {¶ 5} "The trial court erred when it sentenced appellant to a maximum sentence without stating on the record the findings and reasons required by statute.
 {¶ 6} "Appellant's sentence violates the Sixth Amendment of the United States Constitution and the Ohio Constitution."
 {¶ 7} In his first assignment of error, appellant maintains that the trial court's imposition of a maximum sentence is contrary to law because the trial judge did not comply with R.C. 2929.19(B)(2)(d) by failing to give his reasons for imposing a maximum sentence of 18 months.
 {¶ 8} R.C. 2953.08(A)(1) and (A)(4) entitle a defendant to appeal as of right the maximum sentence imposed for his or her offense. We may not reverse a sentence unless we find by clear and convincing evidence that the sentence is not supported by the record or that it is contrary to law. R.C. 2953.08(G)(2); State v. Scarberry, 3d Dist. No. 8-043-2,2005-Ohio-1425, at ¶ 7.
 {¶ 9} As applicable to the case under consideration, the trial court could impose a maximum prison term upon appellant if it found on the record at the appellant's sentencing hearing that appellant either committed the worst forms of the offense or that appellant posed "the greatest likelihood of committing future crimes." R.C. 2929.14(C); Statev. Edmonson, 86 Ohio St.3d 324, 329. In addition, the court below was required to follow R.C. 2929.19(B), which provides, in part:
 {¶ 10} "(2) The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
 {¶ 11} "* * *
 {¶ 12} "(d) If the sentence is for one offense and it imposes a prison term for the offense that is the maximum prison term allowed for that offense by division (A) of section 2929.14 of the Revised Code, its reasons for imposing the maximum prison term."
 {¶ 13} Thus, the lower court was also required to state the reasons for those findings on the record at appellant's sentencing hearing. Statev. Newman, 100 Ohio St.3d 24, 2003-Ohio-4754, at ¶ 1; State v.Streeter, 162 Ohio App.3d 748, 2005-Ohio-4000, at ¶ 45.[1]
 {¶ 14} As noted infra, appellant takes issue only with the trial court's alleged failure to comply with R.C. 2929.19(B)(2)(d) by not setting forth reasons for the imposition of the maximum sentence.
 {¶ 15} At the sentencing hearing, the court found that appellant committed the worst form of the offense and that appellant posed the greatest likelihood of committing future crimes. The court's reasons, as stated on the record at the sentencing hearing, for a finding that appellant committed the worst form of the offense were: (1) appellant had a previous conviction for unlawful conduct with a minor, who was also 14 years old; (2) appellant took advantage of the victim by having her lie to her mother so that he could place the victim in a situation where she was vulnerable; (3) the victim was not only physically harmed; she was also psychologically damaged and was still in counseling at the time of the sentencing hearing; (4) appellant engaged in this conduct while he was supposed to be registering as a sex offender in Wyandot County; (5) appellant realized that the victim was only 14 (not 18 as he claimed) years old and "purposely preyed on her because of her age;" and (6) appellant is "a risk to any underage young female that [he] may come in contact with."
 {¶ 16} Although these reasons and finding are sufficient to satisfy the requirements of R.C. 2929.19(B)(2)(d), the trial court also set forth reasons supporting a finding that appellant poses the greatest likelihood of committing future crimes. The court first pointed to appellant's 1994 conviction in Seneca County for corruption of a minor. In that case, appellant was sentenced to two years in prison, but was later released and placed on probation for five years. That probation was revoked and appellant served the remainder of his sentence. The court then stated:
 {¶ 17} "You were also convicted of possession of drug paraphernalia in the Tiffin Municipal Court [in May 2000] and have, since this offense, been convicted [in August 2003] of failure to register as a sexual offender in Wyandot County and sentenced in March [2005] to 11 months in the Ohio Department of Rehabilitation Corrections.
 {¶ 18} "While you were in Tennessee, the Court presumes avoiding these charges, you were charged and convicted [also in August 2003] of theft and had a three years' suspended sentence down in Tennessee."
 {¶ 19} This recitation of appellant's record of prior convictions is also a sufficient statement of reasons to satisfy R.C. 2929.19(B)(2)(d) and sustains the finding of a greatest likelihood of committing future crimes. Accordingly, we do not find by clear and convincing evidence that the maximum sentence in this cause is unsupported by the record or that it is contrary to law. Appellant's first assignment of error is found not well-taken.
 {¶ 20} Because this court has already determined that United Statesv. Booker (2005), 543 U.S. ___, 125 S.Ct. 738, is not applicable to Ohio's hybrid statutory scheme, appellant's second assignment of error is found not well-taken. See State v. Weese, 6th Dist. No. H-05-003, 2005-Ohio-3996, at ¶ 12. See, also, State v. Curlis, 6th Dist. No. WD-04-032,2005-Ohio-1217.
 {¶ 21} The judgment of the Wood County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Wood County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J. Pietrykowski, J. Singer, P.J. concur.
[1] Citing to R.C. 2929.14(B), appellant sets forth a three step statutory process, rather than a two step process, that a trial court must apply in imposing a maximum sentence on an offender. Although it is not an issue in this case, we point out that R.C. 2929.14(B) is not applied in a case where "the record reflects that the court based the sentence upon at least one R.C. 2929.14(C) criterion." State v. Evans,102 Ohio St.3d 240, 2004-Ohio-2659, at ¶ 15.