DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Wood County Court of Common Pleas that found appellant guilty of one count of abduction and one count of gross sexual imposition. For the reasons that follow, this court reverses the judgment of the trial court as to the imposition of consecutive sentences and remands this case for resentencing.
 {¶ 2} Appellant sets forth the following assignments of error:
 {¶ 3} "The trial court erred when it sentenced appellant to consecutive sentences without making the required findings and giving the required reasons as mandated by statute."
 {¶ 4} "The trial court denied the appellant his state and federal constitutional right to have a jury determine beyond a reasonable doubt all facts legally essential to his sentence in imposing consecutive sentences."
 {¶ 5} On February 20, 2003, the Wood County Grand Jury indicted appellant on one count of rape, a second degree felony in violation of R.C. 2907.02(A)(2) and 2923.02(A), and one count of kidnapping, a second degree felony in violation of R.C.2905.01(A)(4). On January 26, 2004, appellant entered a plea of guilty to one count of gross sexual imposition, a fourth degree felony in violation of R.C. 2907.05, and one count of abduction, a third degree felony in violation of R.C. 2905.02. The trial court accepted appellant's plea and found him guilty. At sentencing on March 8, 2005, the trial court ordered appellant to serve consecutive terms of one year for the abduction and six months for the gross sexual imposition.
 {¶ 6} In his first assignment of error, appellant contends that the trial court failed to make the findings necessary for imposing consecutive sentences under R.C. 2929.14(E)(4) and that his sentence is therefore invalid. Appellee concedes that the trial court erred in sentencing appellant.
 {¶ 7} A trial court may not impose consecutive sentences for multiple offenses unless it finds the existence of three factors set forth in R.C. 2929.14(E)(4). According to that statute, the trial court must find that consecutive sentences are necessary to protect the public from future harm or to punish the offender, and that the consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. Furthermore, the court must find the existence of one of the following: the offender committed one or more of the multiple offenses while awaiting trial or sentencing, while under a sanction imposed, or was under post-release control for a prior offense; the harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed would adequately reflect the seriousness of the offender's conduct; or that the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender. R.C. 2929.14(E)(4)(a) through (c).
 {¶ 8} In addition, the trial court is bound by R.C.2929.19(B) when imposing consecutive sentences. R.C. 2929.19(B) informs that a sentencing court "shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed, if it imposes consecutive sentences under [R.C.] 2929.14." Following State v. Comer, 99 Ohio St.3d 463,2003-Ohio-4165, the trial court must make these findings orally at the sentencing hearing and must give its reasons in support of the findings at the hearing.
 {¶ 9} At appellant's sentencing hearing, the trial court stated that it was required to make certain findings in regard to the impending sentence. The trial court found that the violent nature of the abduction and the severity of the conduct with respect to the gross sexual imposition charge would not be adequately punished by community control sanctions. During the sentencing hearing and in the judgment entry, the court found that consecutive sentences were necessary to protect the public from future crime and to punish the offender and that the harm caused by the multiple offenses was so great and unusual that no single prison term would reflect the seriousness of the crime. The court, however, failed to find that consecutive sentences were not disproportionate to the seriousness of the conduct and the danger to the public, as required by R.C. 2929.14(E)(4). In addition, the court failed to state a reason to justify its finding that the offenses were so great that no single prison term would adequately reflect the seriousness of the crime. R.C.2929.14(E)(4)(b), Comer supra at 467. Furthermore, the trial court indicates that the prior criminal record of appellant was part of its analysis for imposing the consecutive sentence, but does not adequately provide reasons that those prior offenses justify serving a consecutive sentence. R.C. 2929.14(E)(4)(c).
 {¶ 10} Upon review of the case, we find that the trial court failed to comply with the requirements of R.C. 2929.19(B)(2)(C) and Comer supra at 467, and therefore, appellant's first assignment of error is well-taken.
 {¶ 11} Appellant's second assignment of error is that our state and federal constitution require that any fact that increases the imposition of a sentence must be proved beyond a reasonable doubt and submitted to a jury, pursuant to UnitedStates v. Booker (2005), 543 U.S. 220, 125 S.Ct. 738,160 L.Ed.2d 621, and Blakely v. Washington (2004), 542 U.S. 296,124 S.Ct. 2531, 159 L.Ed.2d. 403.
 {¶ 12} Because this court has already determined that UnitedStates v. Booker is not applicable to Ohio's hybrid statutory scheme for sentencing, appellant's second assignment of error is found not well-taken. See State v. Weese, 6th Dist. No. H-05-003, 2005-Ohio-3996, at ¶ 12. See, also, State v. Curlis,
6th Dist. NO. WD-04-032, 2005-Ohio-1217.
 {¶ 13} On consideration whereof, this court finds that substantial justice was not done the party complaining and the judgment of the Wood County Court of Common Pleas is reversed and remanded to the trial court for resentencing in accordance with this decision and the applicable law. Appellee is ordered to pay the costs of this appeal for which sum judgment is rendered against it on behalf of Wood County and for which execution is awarded. See App.R. 24.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J., Singer, P.J., Skow, J., Concur.