[Cite as *State v. Ditto*, 2010-Ohio-1503.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## PUTNAM COUNTY

STATE OF OHIO,                                          CASE NO. 12-09-08

  PLAINTIFF-APPELLEE,

 v.

KALOB DITTO,                                             O P I N I O N

  DEFENDANT-APPELLANT.

Appeal from Putnam County Common Pleas Court
Trial Court No. 09-CR-27

Judgment Affirmed

Date of Decision:  April 5, 2010

APPEARANCES:

  *Matthew A. Cunningham* for Appellant

  *Todd C. Schroeder* for Appellee

**WILLAMOWSKI, P.J.**

{¶1} Defendant-appellant Kaleb Ditto ("Ditto") brings this appeal from the judgment of the Court of Common Pleas of Putnam County finding him guilty of failing to stop after an accident and sentencing him to one year in prison. For the reasons set forth below, the judgment is affirmed.

{¶2} On March 28, 2009, the victim left a party on foot. Ditto, who had been drinking, decided to go find the victim on his four-wheeler. While operating the four-wheeler, Ditto struck the victim and severely injured her. He then panicked and returned to the party. He did not tell anyone about the accident and eventually went home. The victim was subsequently found lying injured on the side of the road. An ambulance was called and the victim was taken to the hospital for treatment. She suffered a broken jaw, her second vertebra was fractured, and she was suffering from hypothermia. She has additionally suffered from psychological problems and economic harm as a result of the accident.

{¶3} On May 1, 2009, Ditto was indicted on one count of failing to stop after an accident in violation of R.C. 4549.02, a fifth degree felony. Pursuant to a plea agreement, Ditto entered a plea of no contest on August 4, 2009. A sentencing hearing was held on Sept 2, 2009. At the hearing, Ditto was sentenced to twelve months in prison. Ditto appeals from this judgment and raises the following assignment of error.

## The trial court erred in sentencing Ditto to the maximum sentence.

{¶4} Ditto argues that the trial court erred by not considering the factors set forth in R.C. 2929.12. Ditto claims that these factors, considered along with the presumption against prison for a fifth degree felony committed by a first time offender, would not support the maximum sentence. The basis for Ditto's claim is whether the trial court considered the factors set forth in R.C. 2929.12, not how the factors were applied. When reviewing whether the factors were considered, the standard of review is clear and convincing evidence as set forth in R.C. 2953.08(G).[1] *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124.

> **R.C. 2953.08(G) is also applicable to R.C. 2929.12 only insofar as reviewing whether the trial courts bothered to consider the factors of divisions (B) through (D). If they did consider the factors of divisions (B) through (D), then their consideration of these factors is reviewed under an abuse of discretion standard, since they are specifically indicated by R.C. 2929.12 to be discretionary.**

Id. at ¶42 (concurring opinion). Although the trial court is required to consider the factors set forth in R.C. 2929.12, the trial court is not required to either discuss the factors on the record or even to state that the factors were considered on the

---

[1] A distinction is noted between an appeal based, as here, upon *whether* the trial court considered the factors of R.C. 2929.12 and appeal based upon *how* the trial court, having considered the factors of R.C. 2929.12, applied those factors. In the former, the standard of review on appeal is whether the appellate court clearly and convincingly finds that the sentence is contrary to law, i.e. that the trial court failed to consider the factors of R.C. 2929.12, as set forth in R.C. 2953.08(G)(2)(b). In the latter, the standard of review on appeal is an abuse of discretion standard, discretion being explicitly granted to the trial court in R.C. 2929.12.

record as long as the record is sufficient for a court to determine that the consideration occurred. *State v. Scott*, 3d Dist. No. 6-07-17, 2008-Ohio-86.

{¶5} A review of the record in this case indicates that the trial court did not specifically indicate that it had considered the statutory factors set forth in R.C. 2929.12. The judgment entry indicated that the court "considered the record, oral statements, any victim impact statements, and the pre-sentence investigation report prepared, as well as the principles and purposes of sentencing under [R.C. 2929.19]." Sept. 3, 2009, Entry, 1. Although the trial court did not specifically address the factors of R.C. 2929.12, the applicable factors were raised through the oral statements made during the hearing and the pre-sentence investigation. The trial court considered the serious physical, psychological and economic harm suffered by the victim, the fact that the offender was under the influence of alcohol at the time of the offense, the remorse shown by the offender, the relationship of the parties, and the seriousness of the offender's actions. Thus, the record is sufficient to indicate that the trial court gave consideration to the applicable statutory factors set forth in R.C. 2929.12.

{¶6} Ditto was charged with a fifth degree felony. The range of prison sentences for this degree of offense is six to twelve months. A trial court has discretion to impose any sentence within the statutory range. *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1. Since the sentence imposed is within the range permitted by law, the trial court did not abuse its discretion by

imposing a sentence of twelve months in prison.[2]  Ditto has failed to clearly and convincingly demonstrate to this court that the sentence is contrary to law or that the trial court failed to consider the factors set forth in R.C. 2929.12.  Thus, the assignment of error is overruled.

{¶7}  Having found no error prejudicial to Ditto, the judgment of the Court of Common Pleas of Putnam County is affirmed.

*Judgment Affirmed*

**SHAW and PRESTON, J.J., concur.**

**/jnc**

---

[2]  This court notes that in addition to not being an abuse of discretion, the sentence is not clearly and convincingly shown to be contrary to law.  Thus, under either standard of review, the sentence is not improper.