[Cite as *State v. Newman*, 2010-Ohio-5406.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
### HENRY COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                    CASE NO.  7-10-07

    v.

BRADLEY KYLE NEWMAN,              O P I N I O N

    DEFENDANT-APPELLANT.


Appeal from Henry County Common Pleas Court
Trial Court No. 09 CR 0075

Judgment Reversed and Cause Remanded

Date of Decision:   November 8, 2010


APPEARANCES:

    *Robert E. Searfoss*  for Appellant

    *John H. Hanna*  for Appellee

**PRESTON, J.**

{¶1} Defendant-appellant, Bradley Kyle Newman (hereinafter "Newman"), appeals the Henry County Court of Common Pleas' judgment entry of sentence. We reverse.

{¶2} On December 18, 2009, a bill of information was filed against Newman in the Henry County Court of Common Pleas alleging that, on or about November 9, 2009, he committed the criminal offense of aggravated robbery in violation of R.C. 2911.01(A)(1), a first degree felony. (Doc. No. 1).

{¶3} On January 12, 2010, Newman appeared for arraignment and entered a plea of not guilty. (Tr. at 2-4). Newman also waived prosecution by Grand Jury indictment and consented to prosecution by Information. (Id.); (Doc. Nos. 7, 9).

{¶4} On January 28, 2010, Newman withdrew his previously tendered plea of not guilty and pled guilty to the bill of information. (Tr. at 6); (Feb. 1, 2010 JE, Doc. No. 12). The trial court accepted Newman's oral plea of guilty, a written plea of guilty was executed, and the trial court thereafter found Newman guilty of aggravated robbery. (Tr. at 11-13); (Doc. No. 11). The trial court ordered a pre-sentence investigation (PSI) and set the matter for sentencing on March 22, 2010. (Tr. at 13); (Feb. 1, 2010 JE, Doc. No. 12).

{¶5} On March 22, 2010, the trial court sentenced Newman to eight (8) years imprisonment. (Tr. at 20); (Mar. 25, 2010 JE, Doc. No. 13). The trial court

further ordered that Newman make restitution to Liberty Carry-Out in the amount of $523.60 and to Jean Smith in the amount of $18.25. (Tr. at 20-21); (Mar. 25, 2010 JE, Doc. No. 13). The trial court also assessed costs against Newman. (Id.); (Id.).

{¶6} On April 21, 2010, Newman filed his notice of appeal. (Doc. No. 17). Newman now appeals raising two assignments of error for our review.

### ASSIGNMENT OF ERROR NO. I

### APPELLANT'S SENTENCE OF EIGHT YEARS IN PRISON IS CLEARLY AND CONVINCINGLY CONTRARY TO LAW.

{¶7} In his first assignment of error, Newman argues that the trial court's sentence is contrary to law since the record fails to indicate that the trial court considered R.C. 2929.11 and R.C. 2929.12 in rendering its sentence.

{¶8} The State has filed no appellee's brief in this case. Under these circumstances, in determining the appeal, we "may accept the appellant's statement of the facts and issues as correct and reverse the judgment if the appellant's brief reasonably appears to sustain such action." App.R. 18(C). We find that Newman's brief reasonably appears to sustain a reversal in this case.

{¶9} A trial court must consider R.C. 2929.11 and R.C. 2929.12 when sentencing a felony offender. *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, ¶38. A sentence imposed without any consideration given to these statutes is contrary to law. See *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-

4912, 896 N.E.2d 124, ¶¶13, 18. When the record is silent concerning the trial court's consideration of these sentencing statutes, it is presumed that the trial court considered them. Id. at ¶18, fn. 4, citing *State v. Adams* (1988), 37 Ohio St.3d 295, 297-98, 525 N.E.2d 1361. Furthermore, the trial court is not required to either discuss the factors on the record or even to state that the factors were considered on the record, *as long as* the record is sufficient for a court to determine that the consideration occurred. *State v. Ditto*, 3d Dist. No. 12-09-08, 2010-Ohio-1503, ¶4, citing *State v. Scott*, 3d Dist. No. 6-07-17, 2008-Ohio-86.

{¶10} The record herein is insufficient to determine whether the trial court considered R.C. 2929.11 and R.C. 2929.12 as required by law. *Mathis*, 2006-Ohio-855 at ¶38. After noting that it had reviewed the PSI and hearing statements from the parties, the trial court simply stated:

> **The defendant is sentenced to serve a prison term of eight years. He's ordered to pay restitution in the sum of $523.60 to the Liberty Center Carry Out and in the amount of $18.25 to Jean Smith for which he will be jointly and severally liable with the co-defendant, Jason B. Horsely. Actually, there was no restitution ordered in the Horsely case, so the defendant will be solely liable for that restitution. There will be no fine. Defendant is advised that you will be subject to five years of post release control. Defendant's bond is revoked and he is remanded to the custody of the sheriff. That's all.**

(Tr. at 20-21). Immediately thereafter, the sentencing hearing ended. (Id. at 21). At no time during the sentencing hearing did the trial court mention R.C. 2929.11 or R.C. 2929.12 or even generically state that it had

considered the "appropriate" sentencing statutes or factors. Likewise, the trial court's *two-page* judgment entry—for a first degree felony—lacks any indication that it considered R.C. 2929.11 or R.C. 2929.12. (Mar. 25, 2010 JE, Doc. No. 13). Since the record is insufficient for this Court to determine whether or not the trial court considered R.C. 2929.11 and R.C. 2929.12, as required, we find that the trial court's sentence is contrary to law.[1]

{¶11} Newman's first assignment of error is, therefore, sustained.

### ASSIGNMENT OF ERROR NO. II

**THE TRIAL COURT ABUSED ITS DISCRETION SENTENCING APPELLANT TO EIGHT YEARS IN PRISON.**

{¶12} In his second assignment of error, Newman argues that the trial court abused its discretion in sentencing him to eight (8) years imprisonment because: this was his first criminal offense; he expressed genuine remorse; and the victim was not physically harmed.

{¶13} Based upon our disposition of Newman's first assignment of error, we overrule Newman's second assignment of error as moot.

---

[1] As an additional matter, we note that the trial court failed to properly notify Newman at the sentencing hearing of the possible penalties should he violate post-release control as required by R.C. 2929.19(B)(3)(e). The defendant should be provided such notice at the re-sentencing hearing, and the notice should further be incorporated into the trial court's judgment entry of sentence. See *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958, ¶23.

**{¶14}** Having found error prejudicial to the appellant herein in the particulars assigned and argued, we reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.

*Judgment Reversed and*
*Cause Remanded*

**WILLAMOWSKI, P.J. and ROGERS, J., concur.**

**/jlr**