[Cite as *State v. Hall*, 2011-Ohio-2609.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## AUGLAIZE COUNTY

STATE OF OHIO,

     PLAINTIFF-APPELLEE,               CASE NO.  2-10-37

     v.

CHRISTOPHER L. HALL, JR.,         O P I N I O N

     DEFENDANT-APPELLANT.

**Appeal from Auglaize County Common Pleas Court**
**Trial Court No. 2010-CR-106**

**Judgment Affirmed**

**Date of Decision:   May 31, 2011**

APPEARANCES:

    *Gerald F. Siesel* **for Appellant**

    *Amy Otley Beckett* **for Appellee**

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant Christopher L. Hall, Jr. ("Hall") brings this appeal from the judgment of the Court of Common Pleas of Auglaize County sentencing him to consecutive sentences. For the reasons set forth below, the judgment is affirmed.

{¶2} During June 2010, a series of burglaries occurred in rural areas of Auglaize County. On June 28, 2010, Sgt. Detective Jerry Sawmiller ("Sawmiller") of the Auglaize County Sherriff's Office was informed by the Allen County Sheriff's office that Hall and Joshua Weimert ("Weimert") had admitted to committing burglaries in Auglaize County. Sawmiller was advised to speak with Ashley Hall ("Ashley"), the girlfriend of Weimert. When questioned, Ashley told Sawmiller that Hall and Weimert were burglarizing homes in Auglaize County and selling the stolen property. On July 2, 2010, Sawmiller interviewed Weimert and Hall. Weimert eventually confessed that both he and Hall had committed the series of burglaries in Auglaize County.

{¶3} On August 12, 2010, the Auglaize County Grand Jury indicted Hall on ten counts of burglary, theft, and theft of firearms, ranging from a second degree felony, eight third degree felonies, and one fifth degree felony. Hall entered a plea of not guilty to each of the counts on September 1, 2010. On October 15, 2010, Hall entered into a written plea agreement with the state. Pursuant to the plea

agreement, Hall agreed to enter a guilty plea to three counts of burglary and one count of theft of a firearm, all felonies of the third degree and to pay restitution in the amount of $5,900.00. In exchange, the State agreed to dismiss all other charges, and to recommend four five year sentences to be served consecutively for a total of twenty years in prison. The trial court accepted the plea agreement and proceeded to conduct an immediate sentencing hearing. The State, as per the agreement, recommended a sentence of twenty years in prison. Hall then presented evidence in mitigation for a lesser sentence. After addressing Hall, the trial court sentenced Hall to three prison terms of four years and one of five years to be served consecutively for a total prison term of seventeen years. Hall appeals from this judgment and raises the following assignments of error.

### First Assignment of Error

**The trial court's sentence of [Hall] to consecutive sentences totaling seventeen years was contrary to law and further constituted an abuse of discretion in failing to properly consider and apply the felony sentencing guidelines set forth in R.C. 2929.11 and 2929.12.**

### Second Assignment of Error

**[Hall's] consecutive sentences violated [Hall's] right to due process under the Sixth and Fourteenth Amendments of the United States Constitution and Sections Five and Sixteen, Article I and Section Four, Article IV of the Ohio Constitution.**

{¶4} In the first assignment of error, Hall claims that the imposition of consecutive sentences was contrary to law because the trial court did not correctly apply the sentencing factors set forth in R.C. 2929.11 and R.C. 2929.12. The standard of review for sentences was addressed in *State v. Kalish,* 120 Ohio St.3d 23, 2008-Ohio-4912. In *Kalish,* four of seven panel members[1] noted that R.C. 2953.08(G) requires that appellate courts require appellants to meet a clearly and convincingly contrary to law standard of review when reviewing a sentence. Id. For example, if the appellant clearly and convincingly proves that the sentencing court ignored R.C. 2929.12, the judgment would be contrary to law. However, if the appeal is based upon the proper application of R.C. 2929.12(B) through (D), four of seven panel members[2] in *Kalish* determined the appropriate standard of review is abuse of discretion. Id. See also *State v. Hubbard*, 2d Dist. No. 23363, 2010-Ohio-3910. Trial courts have discretion to impose a prison sentence within the statutory range for the offense from which the conviction stems. *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470.

{¶5} Hall argues that the trial court erred by not affirmatively indicating that it considered the factors set forth in R.C. 2929.11 and 2929.12. The question of whether the trial court considered the factors is reviewed under the clearly and

---

[1] Justices Pfeifer, Lundberg Stratton, Lanzinger, and Judge Willamowski, sitting by assignment all reached this conclusion.

[2] Justices O'Connor, Moyer, O'Donnell, and Judge Willamowski, sitting by assignment all agreed that for a review of the application of R.C. 2929.12(B) factors, the judgment is reviewed for an abuse of discretion.

convincingly contrary to law standard. See *State v. Ditto*, 3d Dist. No. 12-09-08, 2010-Ohio-1503. "Although the trial court is required to consider the factors set forth in [R.C. 2929.11 and 2929.12], the trial court is not required to either discuss the factors on the record or even to state that the factors were considered on the record as long as the record is sufficient for a court to determine that the consideration occurred." Id. at ¶4. This court notes that in this case, no presentence investigation occurred. There was also some confusion as to the background of this defendant versus that of his codefendant. See Tr. at 22-23. However, at the sentencing hearing, Hall was questioned by both his attorney and the trial court. That questioning raised several of the factors set forth in R.C. 2929.11 and R.C. 2929.12. The journal entry then stated that it had considered the "principles and purposes of sentencing under [R.C. 2929.11] and has balanced the seriousness and recidivism factors under [R.C. 2929.12]." Oct. 15, 2010, entry at 3. Thus, Hall has failed to show by clear and convincing evidence that the judgment was contrary to law.

{¶6} Hall also claims that the trial court erred in applying the factors set forth in R.C. 2929.12(B-E). This claim, unlike the others is reviewed under an abuse of discretion standard because R.C. 2929.12(A) specifically places the application within the sound discretion of the trial court. Ditto, supra at ¶4. A review of the sentencing record reveals that the trial court questioned Hall

concerning the economic harm caused to the victims, Hall's prior and continuing drug use, the potential for physical harm to the victims of the thefts, and Hall's prior juvenile record among other factors. The record therefore, indicates that the trial court did not abuse its discretion in applying the factors set forth in R.C. 2929.12. The first assignment of error is overruled.

{¶7} In the second assignment of error, Hall alleges that the trial court denied his due process rights by sentencing him to consecutive sentences. Hall argues that the decision by the Supreme Court in *State v. Foster,* 109 Ohio St.3d 1, 2006-Ohio-586, 845 N.E.2d 470, wrongly severed the requirement that the trial court make findings before imposing consecutive sentences. However, the Ohio Supreme Court in *State v. Hodge*, 128 Ohio St.3d 1, 2010-Ohio-6320, 941 N.E.2d 768, held that the holding in *Foster*, was still valid. The Supreme Court admitted that the logic used to decide *Foster* was called into question, but held that since it was not reversed by the U.S. Supreme Court, it was still the law and only the legislature could reenact the severed provisions of the statute. Since Hall was sentenced pursuant to the law in effect at the time of his sentencing, the judgment does not violate Hall's right to due process under the Constitution of the United States or under the Ohio Constitution and the second assignment of error is overruled.

{¶8} Having found no error prejudicial to the defendant, the judgment of the Court of Common Pleas of Auglaize County is affirmed.

*Judgment Affirmed*

**SHAW and PRESTON, J.J., concur in judgment only.**

**/jlr**