[Cite as *State v. Walsh*, 2017-Ohio-549.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-160268 |
| | | TRIAL NO. C-15TRD-50644 |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| BRENNEN WALSH, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Court Municipal Court

Judgment Appealed From Is: Reversed and Cause Remanded

Date of Judgment Entry on Appeal: February 17, 2017

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Alex Scott Havlin*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Bryan R. Perkins*, for Defendant-Appellant.

**MOCK, Presiding Judge.**

{¶1}   On November 4, 2015, defendant-appellant Brennen Walsh was involved in a motor-vehicle accident. As a result of that accident, he was cited for failing to drive within the marked lanes, in violation of R.C. 4511.33. On December 1, 2015, Walsh requested a continuance, which was granted by the trial court. On January 12, 2016, Walsh requested a second continuance in order to obtain the presence of witnesses for trial. While the trial court did not grant the continuance fully, the trial court did continue the case until that afternoon to allow time to produce the witnesses. When the case was recalled, Walsh entered a plea of no contest. Based on that plea, the trial court found him guilty and imposed sentence accordingly.

{¶2}   In his first assignment of error, Walsh claims that the trial court erred when it failed to advise him of the effect of his no-contest plea. The state concedes error, and we agree.

{¶3}   With regard to petty offenses, Traf.R. 10(D) states that a trial court "shall not accept [a guilty or no-contest plea] without first informing the defendant of the effect of the plea of guilty, no contest, or not guilty." A court complies with the mandate of Traf.R. 10(D) by "informing the defendant of the information contained in Traf.R. 10(B)." *State v. Watkins*, 99 Ohio St.3d 12, 2003-Ohio-2419, 788 N.E.2d 635, syllabus.

{¶4}   Traf.R. 10(B) describes the effects of the possible pleas, noting that "[t]he plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the complaint and such plea or admission shall not be used against the defendant in any subsequent civil or criminal proceeding." Traf.R. 10(B)(2). While "a slight deviation from the text of the rule is permissible," the trial court must convey sufficient information so that a defendant "subjectively

understands the implications of his plea and the rights he is waiving." (Citation omitted.) *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 31.

{¶5} A violation of R.C. 4511.33 is considered a petty offense. *See* Traf.R. 2(D). In this case, the trial court failed to provide Walsh with any information relative to his plea. During the colloquy, the following exchange occurred:

Court: Are we proceeding to trial?

Defense Counsel: Your Honor, there's a plea. No contest to the allegations. Stipulate the facts.

Court: Insurance?

Prosecutor: Insurance was marked yes, Judge.

Court: And you'll stipulate to the guilt.

Defense Counsel: Correct.

Court: Finding is guilty.

This colloquy was insufficient to satisfy the notification requirements of Traf.R. 10(D). Therefore, we sustain the first assignment of error.

{¶6} In his second assignment of error, Walsh claims that the trial court abused its discretion when it denied his second motion for a continuance. This issue is moot in light of our resolution of the first assignment of error, and we decline to address it.

{¶7} The judgment of the trial court is reversed, and the cause is

{¶8} remanded with instructions to the trial court to vacate Walsh's no-contest plea.

Judgment reversed and cause remanded.

**CUNNINGHAM** and **ZAYAS, JJ.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.