[Cite as *State v. Fensler*, 2020-Ohio-6892.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## VAN WERT COUNTY

STATE OF OHIO,

     PLAINTIFF-APPELLEE,                        CASE NO.  15-19-08

     v.

DUSTIN P. FENSLER,                        O P I N I O N

     DEFENDANT-APPELLANT.

Appeal from Van Wert Municipal Court
Trial Court No. TRC 1903338

Judgment Reversed and Cause Remanded

Date of Decision:  December 28, 2020

APPEARANCES:

    *Scott R. Gordon* for Appellant

**ZIMMERMAN, J.**

{¶1} Defendant-appellant, Dustin P. Fensler ("Fensler"), appeals the October 9, 2019 judgment of the Van Wert Municipal Court convicting him of operating a motor vehicle while under the influence of a drug of abuse ("OVI"). For the reasons that follow, we reverse.

{¶2} On July 11, 2019, at approximately 11:04 p.m., Officer Austin McIntosh ("Officer McIntosh"), of the Van Wert Police Department, encountered Fensler in conjunction with law enforcement's investigation of an alarm call at Superior Auto. (Oct. 8, 2019 Tr. at 11). After it was determined that the building was secured, law enforcement contacted Fensler (when he "was just going to bed")—an employee and key holder of Superior Auto—to report to the business to unlock the building. (*Id.* at 9, 12, 28). According to Officer McIntosh, when Fensler arrived, his "pupils were dilated, his speech was very fast and mumbled, [and] he was making unusual movements with his jaw * * * ." (*Id.* at 12). Suspecting that Fensler was impaired, Officer McIntosh asked Fensler to perform field-sobriety tests. (*Id.*).

{¶3} Following the field-sobriety tests and his admission that he "takes methadone in the mornings for an opiate addiction" "[a]nd that he took four Benadryl around 8:00 p.m.," Fensler was arrested and charged with OVI in violation of R.C. 4511.19(A)(1)(a), a first-degree misdemeanor. (*Id.* at 12-16); (Doc. No. 1).

Subsequent to his arrest, Fensler submitted to a breath-alcohol-concentration ("BAC") test, which reflected a blood-alcohol concentration of .000 grams by weight of alcohol per two hundred ten liters of his breath, and Fensler submitted to a urine test. (Oct. 8, 2019 Tr. at 15, 17). The state represented to the trial court that the results of the urine test were (allegedly) not available at the time of trial. (*Id.* at 17).

{¶4} On July 15, 2019, Fensler appeared and entered a plea of not guilty. (Doc. No. 3). The case proceeded to trial on October 8, 2019. (Oct. 8, 2019 Tr. at 1). At trial, Officer McIntosh testified that he completed training for OVI detection and standardized field sobriety testing and for advanced roadside impaired driving enforcement. (*Id.* at 15); (State's Exs. B, C). Officer McIntosh testified that he inspected Fensler's pupils and requested Fensler to perform field-sobriety tests, including the horizontal gaze nystagmus ("HGN") test, the walk and turn test, the one-leg stand test, the lack of convergence test, and the modified Romberg test. (Oct. 8, 2019 Tr. at 12-14). Officer McIntosh noticed that Fensler's pupils remained "dilated, very large" when Officer McIntosh "put [his] flashlight in his eyes * * * ." (*Id.* at 13). Officer McIntosh did not observe any nystagmus clues "in the eyes, although he had difficulty following the pen and following orders. And once again, his hands moved." (*Id.*). On the walk and turn and one-leg stand tests, Fensler exhibited difficulty with his balance. (*Id.* at 13-14). Further, Officer McIntosh

observed a "lack of convergence in [Fensler's] left eye all three attempts." (*Id.* at 14). Finally, Officer McIntosh determined that Fensler's "internal clock" was "delayed" because Fensler indicated that he reached 30 seconds during the modified Romberg test when 36 had elapsed.[1] (*Id.* at 14-15). Officer McIntosh concluded that Fensler's ability to operate a motor vehicle was impaired "based upon the field sobriety examinations." (*Id.* at 17).

{¶5} Following the field-sobriety tests, Fensler admitted to ingesting "four Benadryl around 8:00 p.m. of the night of the stop." (*Id.* at 16). According to Officer McIntosh, "[f]our benadryl is over the recommended dosage" and that "when [he] was researching, when you take over the amount type [sic] of Benadryl, it makes your pupils enlarged, it causes jitteriness, restlessness, paranoia, unsteady on your feet, and it also affects your balance." (*Id.*). Officer McIntosh testified that Benadryl taken in a quantity over the recommended dosage will impair a person's ability to operate a motor vehicle. (*Id.*). Officer McIntosh further testified that he has had experience over the course of his employment with other individuals who have taken Benadryl in a quantity over the recommended dosage. (*Id.* at 17). Through that experience, he has learned that individuals who have taken Benadryl

---

[1] "[T]he Romberg test * * * involves having a person stand with feet together, arms down, head tilted, [and] eyes closed, for 30 seconds." *State v. Matzinger*, 4th Dist. Washington No. 16CA4, 2017-Ohio-324, ¶ 41. *See Columbus v. Shepherd*, 10th Dist. Franklin No. 10AP-483, 2011-Ohio-3302, ¶ 9 (noting that "the Romberg test * * * is a timed, 30-second test used to detect use of a stimulant or depressant").

in a quantity over the recommended dosage "are jittery, fast moving, large pupils, hard to stand still, they usually talk really fast, and they mumble their words. They can't realize that they're doing it. Unusual grinding or clenching of the jaw, and fast hand movement, difficulty standing still." (*Id.*).

{¶6} Fensler testified in his defense that he is "an overanxious person" and that he "was overly really above and beyond anxious" when he arrived at Superior Auto to unlock the building for law enforcement because he "wasn't 100 percent sure what was waiting inside. Could have been a bad guy." (*Id.* at 27-28). According to Fensler, law enforcement had him enter the building *first* "and that added to [his] anxiety * * * because [he] was thinking there could be somebody in there." (*Id.* at 29).

{¶7} At the close of all evidence, the trial court found Fensler guilty of the OVI charge. (*Id.* at 32); (Doc. No. 12). That same day, the trial court sentenced Fensler to five days in jail, with those five days suspended conditioned on his completion of a certified driver's intervention program; imposed a $375 fine; and suspended his operator's license for one year. (*Id.* at 40-41); (*Id.*). The trial court filed its judgment entry of sentence the next day. (Doc. No. 12).

{¶8} Fensler filed his notice of appeal on November 7, 2019. (Doc. No. 13). He raises four assignments of error for our review. Because it is dispositive, we address only Fensler's third assignment of error.

## Assignment of Error No. III

**The Trial Court erred in finding Appellant guilty of operating a motor vehicle under the influence, a violation of R.C. §4511.19(A)(1)(a), based only on the Police Officer's testimony and unqualified expert opinion.**

{¶9} In his third assignment of error, Fensler argues that his OVI conviction is based on insufficient evidence. Specifically, Fensler contends that the State presented insufficient evidence that he operated a motor vehicle while under the influence of a drug of abuse.

### *Standard of Review*

{¶10} "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259 (1981), paragraph two of the syllabus, *superseded by state constitutional amendment on other grounds*, *State v. Smith*, 80 Ohio St.3d 89 (1997). Accordingly, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Id.* "In deciding if the evidence was sufficient, we neither resolve evidentiary conflicts nor assess the credibility of witnesses, as both are functions reserved for the trier of fact." *State v. Jones*, 1st Dist. Hamilton Nos. C-120570 and C-120571, 2013-Ohio-4775, ¶ 33,

citing *State v. Williams*, 197 Ohio App.3d 505, 2011-Ohio-6267, ¶ 25 (1st Dist.). *See also State v. Berry*, 3d Dist. Defiance No. 4-12-03, 2013-Ohio-2380, ¶ 19 ("Sufficiency of the evidence is a test of adequacy rather than credibility or weight of the evidence."), citing *Thompkins* at 386.

*Analysis*

**{¶11}** As an initial, procedural matter, we note that the State failed to file an appellee's brief. Under these circumstances, App.R. 18(C) provides that this Court "may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action." *See State v. Montgomery*, 3d Dist. Putnam No. 12-13-11, 2014-Ohio-1789, ¶ 9; *State v. Newman*, 3d Dist. Henry No. 7-10-07, 2010-Ohio-5406, ¶ 8. After reviewing the record, and for the following reasons, we conclude that appellant's brief reasonably appears to sustain a reversal.

**{¶12}** Fensler was convicted of OVI in violation of R.C. 4511.19, which prohibits persons from operating a vehicle while "[t]he person is under the influence of alcohol, a drug of abuse, or a combination of them." R.C. 4511.19(A)(1)(a). "The definition of 'drug of abuse' is imported from R.C. 4506.01." *State v. Richardson*, 150 Ohio St.3d 554, 2016-Ohio-8448, ¶ 14, citing R.C. 4511.181(E). "That term means 'any controlled substance, dangerous drug as defined in section 4729.01 of the Revised Code, or over-the-counter medication that, when taken in

quantities exceeding the recommended dosage, can result in impairment of judgment or reflexes.'" *Id.*, quoting R.C. 4506.01(M).

**{¶13}** Under the State's theory of the case, Fensler operated a motor vehicle while under the influence of an over-the-counter medication that was taken in a quantity exceeding the recommended dosage—namely, Benadryl. *See State v. Jones*, 5th Dist. Licking No. 05 CA 59, 2006-Ohio-916, ¶ 21 (acknowledging that Benadryl is an over-the-counter medication). *See also In re D.R.*, 3d Dist. Shelby No. 17-17-21, 2018-Ohio-3434, ¶ 33. Accordingly, to prove that Benadryl is a drug of abuse, the State was required to prove that Benadryl, when taken in a quantity exceeding the recommended dosage, *can* result in impairment of judgment or reflexes.

**{¶14}** Based on the specific facts and circumstances of this case, we conclude that the State presented insufficient evidence that Benadryl, when taken in a quantity exceeding the recommended dosage, can result in impairment of judgment or reflexes. Here, the State presented only the testimony of Officer McIntosh. Officer McIntosh's testimony that "[f]our Benadryl is over the recommended dosage" and his "research" regarding the ingestion of Benadryl in a quantity exceeding the recommended dosage is insufficient to prove that Fensler was under the influence of a *drug of abuse*. Accordingly, we conclude (under the

facts presented) that the State presented insufficient evidence that Benadryl, when taken in a quantity exceeding the recommended dosage, is a drug of abuse.

{¶15} For these reasons, we conclude that a rational trier of fact could not have found beyond a reasonable doubt that Fensler operated a motor vehicle while under the influence of a drug of abuse. Accordingly, Fensler's OVI conviction is based on insufficient evidence and his third assignment of error is sustained.

### Assignment of Error No. I

**The Trial Court erred in not advising Appellant of the risk of self-representation, which resulted in the denial to Appellant of the effective assistance of counsel under the Sixth and Fourteenth Amendments to the United States Constitution. Appellant did not knowingly, intelligently and voluntarily waive his right to counsel, neither verbally nor in writing, pursuant to Ohio Criminal Rule 44(C).**

### Assignment of Error No. II

**The Trial Court erred in its refusal to grant Appellant's request for a continuance which was made on the basis that the Results of the urine test which was submitted voluntarily by Appellant at the State's request, had not yet been made available.**

### Assignment of Error No. IV

**The Trial Court erred in finding Appellant guilty of operating a motor vehicle under the influence, a violation of R.C. §4511.19(A)(1)(a), without awaiting the results of a urine test, which would have provided exculpatory evidence.**

{¶16} In his first, second, and fourth assignments of error, Fensler argues that his OVI conviction should be reversed because (1) he did not knowingly,

intelligently, or voluntarily waive his right to counsel; (2) the trial court abused its discretion by denying his request to continue trial; and (3) the urine-test results could have provided exculpatory evidence.

{¶17} In light of our decision to sustain Fensler's third assignment of error, his first, second, and fourth assignments of error are rendered moot, and we decline to address them. App.R. 12(A)(1)(c); *State v. Walsh*, 1st Dist. Hamilton No. C-160268, 2017-Ohio-549, ¶ 6. *See State v. Maxwell*, 11th Dist. Lake No. 99-L-042, 2001 WL 1078257, *6 (Aug. 31, 2001). *See also Thompkins*, 78 Ohio St.3d at 387 (noting that "retrial is barred if the reversal was based upon a finding that the evidence was legally insufficient to support the conviction").

{¶18} Having found error prejudicial to the appellant herein in the particulars assigned and argued in his third assignment of error, we reverse the judgment of the trial court and remand for further proceedings.

*Judgment Reversed and*
*Cause Remanded*

**WILLAMOWSKI, J., concurs.**

**SHAW, P.J., concurring in Judgment Only.**